EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN ORTIZ, acusado y apelante.

Núm. 6465.—*Sometido:* Marzo 19, 1937. *Resuelto:* Abril 27, 1937.

*Pedro E. Anglade,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Juan Ortiz fué acusado de haber violado las disposiciones de la ley para regular el uso de vehículos de motor en los caminos públicos de Puerto Rico al conducir en el camión H. P. 198 un exceso de cinco mil ciento noventa libras de carga.

Juzgado y condenado por la corte municipal, apeló para ante la de distrito en la que presentó una moción de sobreseimiento y excepción perentoria que fué declarada sin lugar, celebrándose el nuevo juicio que ordena la ley y dictándose sentencia por virtud de la cual se le declaró culpable y se le impuso el pago de una multa de cincuenta dólares. Apeló para ante este tribunal.

En su alegato señala tres errores, siendo el primero el cometido a su juicio por la corte al declarar sin lugar su moción de sobreseimiento.

La moción, fechada el 8 de septiembre, 1936, se basó en cuanto al sobreseimiento en que habiendo sido condenado el acusado por la corte municipal en abril 28, 1936, y apelado el mismo día, el nuevo juicio en la corte de distrito se

señaló para el 9 de septiembre siguiente, mediando entre una y otra fecha más de los ciento veinte días que fija la ley.

Se opuso el fiscal, se practicó prueba sobre lo ocurrido con motivo del señalamiento y la corte estimando que existió justa causa para el transcurso de los ciento veinte días sin que el juicio se celebrara, declaró no haber lugar al sobreseimiento.

Examinemos la evidencia. Demuestra que los autos se radicaron en la corte de distrito en mayo 6, 1936, siendo ésta y no la de abril 28, la fecha que debe tomarse como punto de partida para la computación del término de ciento veinte días que fija el número 2 del artículo 448 del Código de Enjuiciamiento Criminal, y demuestra además que el juicio se señaló el 7 de agosto, 1936, para verse el 9 de septiembre siguiente citándose al acusado. La corte estuvo en vacaciones durante julio y agosto reanudando sus sesiones el 2 de septiembre en que comenzaron a verse una serie de apelaciones procedentes de las cortes municipales entre las cuales figuraba ésta de Juan Ortiz.

Una simple operación aritmética permite concluir que el término de ciento veinte días venció el 3 de septiembre y que por tanto había transcurrido a la fecha de la celebración del juicio. ¿Pudo, sin embargo, invocar su derecho el acusado cuando lo hizo, esto es, el 8 de septiembre, o sea un día antes del juicio, no obstante haberse hecho el señalamiento desde el 7 de agosto anterior, según la cédula de citación que tuvo a la vista al declarar el secretario de la corte de distrito?

A nuestro juicio no pudo. Una simple moción suya reclamando su derecho presentada inmediatamente después de citársele, hubiera permitido a la corte adelantar para el 2 de septiembre el señalamiento hecho por el secretario inadvertidamente para el 9 del mismo mes. El derecho de que se trata es renunciable expresa o implícitamente y la conducta del acusado en este caso constituye un acto de renuncia implícita.

En el caso de *People* v. *Holmes,* procedente de California y reportado en 109 Pac. 489, se resolvió que:

"Cuando tanto el acusado como su letrado se hallaban presentes en la corte en el momento de señalarse el juicio, y no hicieron objeción a que el mismo se fijara para una fecha posterior a más de sesenta días contados a partir del en que se radicó la acusación, la corte se negó propiamente a desestimarla de conformidad con el artículo 1382 del Código Penal por dejarse de someter al acusado a juicio dentro del término de sesenta días."

En tal virtud y sin entrar a considerar los otros motivos que tuvo la corte para negar el sobreseimiento, su resolución se sostiene a nuestro juicio por el que dejamos expuesto. No existe el primero de los errores señalados.

Tampoco el segundo que se alega cometido por la corte al negar la excepción perentoria del acusado y resolver que la denuncia le imputa la comisión de un delito público.

La excepción se basó en que alegándose en la denuncia que el hecho se había cometido en la calle de Morse de Arroyo, no constituía delito porque el derecho a reglamentar el uso de sus calles corresponde al municipio.

El artículo 18 de la Ley núm. 75 de 1916, leyes de 1916, p. 144, tal como quedó enmendado por la Ley núm. 9 de 1926, leyes de 1926, p. 27, prescribe:

"Artículo 18.—Toda persona, firma, sociedad o corporación que por sí misma o por medio de sus agentes, transportare en los vehículos pesados de motor, o en los vehículos comerciales, más carga que la autorizada por esta Ley, será multada con cincuenta (50) dólares por la primera infracción; cien (100) dólares por la segunda, y por la tercera infracción le será revocada la licencia del vehículo. A los *chauffeurs* que condujeren por caminos públicos un vehículo pesado de motor o un automóvil comercial con más carga que la autorizada en esta Ley, o a mayor velocidad que la en esta Ley establecida, o desprovisto del aparato para limitar la velocidad que se dispone en el apartado (c) del artículo 13 de esta Ley, le será suspendida la licencia por el término de un mes por la primera infracción; seis meses por la segunda, y por la tercera infracción le será revocada la licencia definitivamente. Las infracciones a las otras disposiciones de esta Ley, serán consideradas como delitos menos graves."

El 9 de la propia ley apartado (c), tal como fué enmendado por la Ley núm. 9 de 1926, leyes de 1926, p. 23, dispone:

"Artículo 9.—(c) La proporción entre gomas y el peso del vehículo cargado, en el caso de vehículos pesados de motor será determinada en la forma siguiente: El ancho de las gomas en las ruedas delanteras y traseras de un vehículo pesado de motor o máquina de tracción será tal, que la presión por pulgada de diámetro y por pulgada de ancho de la goma no será mayor de diez y seis libras. Ningún vehículo de motor cuyo pesa exceda de cinco y media toneladas descargado, ni de diez toneladas cuando esté cargado, será permitido en los caminos públicos, con excepción de los vehículos pesados de motor que, con anterioridad a la aprobación de esta Ley, hubieren obtenido licencia con arreglo a la ley; *Disponiéndose,* que el Comisionado del Interior podrá expedir licencias especiales a vehículos de motor cuyo peso cargado sea mayor de diez toneladas y no exceda de catorce toneladas, para transitar solamente por aquellas carreteras de primera clase que a su juicio puedan resistir estas cargas. Al expedir estas licencias especiales el Comisionado del Interior cobrará los derechos de acuerdo con el artículo 10 de esta Ley."

Y qué se entiende por "camino público" lo definió el legislador en la repetida ley, leyes de 1916, p. 145, como sigue:

" 'Camino público' significará cualquier camino, insular o municipal, o cualquier calle o callejón de cualquier municipio."

Bastarían esas citas y la del caso del *Municipio de Manatí* v. *Comisionado de Sanidad,* 50 D.P.R. 827, para concluir que la ley opera válidamente lo mismo en los caminos que en las calles, pero en este caso concreto hay más pues la calle Morse de Arroyo pasó a ser un trozo de la carretera insular núm. 3, de acuerdo con la Ley núm. 49 de 1917, Leyes de 1917, Vol. II, pág. 357, y el plano de los caminos y carreteras de la Isla por el Departamento del Interior de junio 30, 1930.

El tercer señalamiento imputa error a la corte al considerar la prueba de cargo suficiente. No estamos conformes. La hemos examinado y a nuestro juicio sostiene la sentencia condenatoria dictada.

*Debe declararse el recurso sin lugar y confirmarse la sensentencia recurrida.*