Manuel Rivera Pérez, peticionario, *v.* Corte de Distrito de Humacao, Hon. Luis Janer Landrón, Juez, demandada.

Núms. 355, 356 y 357.—*Sometidos:* Mayo 29, 1941. *Resueltos:* Junio 5, 1941.

*V. Gutiérrez Franqui* y *M. Velázquez Flores,* abogados del peticionario.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El peticionario Manuel Rivera Pérez ha radicado ante esta Corte Suprema tres peticiones separadas de *mandamus,*

registradas bajo los núms. 355, 356 y 357, en las que solicita, respectivamente, que expidamos un auto de mandamus dirigido a la Corte de Distrito de Humacao, ordenándole que proceda a decretar el archivo y sobreseimiento de las causas criminales números 15,947, 15,948 y 15,949 de dicha corte, por el alegado motivo de no haberse celebrado la vista de dichas causas dentro del término de 120 días fijado por el artículo 448 (inciso 2) del Código de Enjuiciamiento Criminal.

Los hechos alegados en las tres peticiones son idénticos y brevemente expuestos son como sigue:

La denuncia contra el peticionario fué radicada el 25 de noviembre de 1940 y le fué leída al acusado el 9 de diciembre del mismo año. El día 14 de marzo de 1941 se señaló el caso para ser visto el día 31 del mismo mes. El 25 de marzo de 1941, el acusado pidió por primera vez que se anticipara la fecha del juicio, a lo que no pudo acceder la corte por impedírselo el exceso de trabajo que en ella hubo desde noviembre 1940 hasta marzo 1941.

El 27 de marzo de 1941, el acusado radicó ante la corte inferior una moción de archivo y sobreseimiento, la cual fué declarada sin lugar por resolución de mayo 13, 1941, que en lo pertinente lee así:

" . . . Si bien es cierto que el juicio se señaló para el 31 de marzo, esto es, siete días después de vencido el plazo estatutario, como el señalamiento se hizo dentro de dicho plazo, y no fué hasta marzo 25, 1941, o sea, 11 días posteriores a marzo 14, 1941, y por lo tanto, un día después de vencidos los 120 días estatutarios que el acusado actuó por primera vez para pedir se anticipara la fecha del juicio, no demostró el interés necesario para obtener la celebración de un juicio rápido.

"Por otra parte, el fiscal ofreció prueba que se practicó debidamente, tanto documental como testifical, según consta del récord taquigráfico al efecto tomado, demostrando la imposibilidad de la corte, por las circunstancias reinantes en la misma, durante los meses comprendidos desde noviembre 1940 hasta marzo 1941, de celebrarse esta vista antes de la fecha en que fué señalada.

"El juicio, que estaba señalado para el 31 de marzo, quedó suspendido, a petición del acusado, hasta nuevo señalamiento.

"Dentro de las circunstancias concurrentes de este caso, la corte deniega la moción de archivo y sobreseimiento y señala para juicio el próximo día 9 de junio de 1941, a las nueve de su mañana. (*Garcés* v. *Corte,* 55 D.P.R. 932; *El Pueblo* v. *Ortiz,* 51 D.P.R. 379.) Notifíquese."

En el caso de *Garcés* v. *Corte,* 55 D.P.R. 932, citado por la corte inferior, las acusaciones fueron presentadas en julio 21, 1939, y el juicio señalado para diciembre 1 del mismo año, o sea para diez días después del término de ciento veinte días fijado por el estatuto. El señalamiento se hizo el 25 de noviembre, esto es, unos cuatro días después de vencido el término de ciento veinte días. Al decretar la expedición de un auto perentorio de mandamus, esta corte, por medio de su Juez Presidente señor Del Toro, se expresó así:

"Bajo los hechos expuestos, aunque se trata de un caso en que la desviación del orden legal no es seria, nos vemos obligados a acceder a lo solicitado porque no ya el juicio fué señalado para después de los 120 días de presentada la acusación si que el señalamiento se hizo vencido dicho término, sin que exista la más leve indicación que tienda a explicar por qué no pudo hacerse antes.

"Se comprende que una corte de distrito tenga tantos asuntos que aunque trabaje activamente no pueda en algunas ocasiones verlos dentro de los ciento veinte días, pero no se explica que una corte no pueda señalar la vista de las causas pendientes ante ella y listas para señalarse, con bastante antelación al vencimiento del término. Si el señalamiento se hace de tal modo y el derecho al juicio rápido no se reclama razonablemente antes de que venza el término, quedaría renunciado. Si se reclama, surgiría la oportunidad de hacer cuanto fuera posible por adelantar el señalamiento. No siéndolo, quedaría demostrada la justa causa para ello que prevé la propia ley y en caso de solicitarse el sobreseimiento estaría perfectamente justificada la corte en denegarlo."

En los casos que estamos considerando, los señalamientos se hicieron el día 14 de marzo de 1941, cuando solamente habían transcurrido 110 de los 120 días del término estatutario. El acusado dejó transcurrir once días, hasta el

25 de marzo, o sea hasta un día después de haber expirado el término de 120 días, para pedir que se anticipara la fecha del juicio. Y al ser llamado para juicio en 31 de marzo de 1941, el acusado, en vez de insistir en que se decidiese previamente su moción de archivo y sobreseimiento, solicitó la suspensión del juicio hasta nuevo señalamiento.

En *El Pueblo* v. *Ortiz*, 51 D.P.R. 379, citado también por la corte recurrida, el señalamiento fué hecho antes de la expiración del término para una fecha seis días después de haber expirado dicho término. El acusado, un día antes de la fecha señalada para el juicio, solicitó el archivo y sobreseimiento, le fué denegado y apeló. Al desestimar el recurso, esta corte, también por su Juez Presidente Sr. Del Toro, dijo:

"Una simple operación aritmética permite concluir que el término de ciento veinte días venció el 3 de septiembre y que por tanto había transcurrido a la fecha de la celebración del juicio. ¿Pudo, sin embargo, invocar su derecho el acusado cuando lo hizo, esto es, el 8 de septiembre, o sea un día antes del juicio, no obstante haberse hecho el señalamiento desde el 7 de agosto anterior, según la cédula de citación que tuvo a la vista al declarar el secretario de la corte de distrito?

"A nuestro juicio no pudo. Una simple moción suya reclamando su derecho presentada inmediatamente después de citársele, hubiera permitido a la corte adelantar para el 2 de septiembre el señalamiento hecho por el secretario inadvertidamente para el 9 del mismo mes. El derecho de que se trata es renunciable expresa o implícitamente y la conducta del acusado en este caso constituye un acto de renuncia implícita."

El peticionario alega, en cada uno de los tres casos, que el día 25 de marzo de 1941 fué cuando él se enteró por primera vez de que la vista había sido señalada para el 31 de ese mismo mes, y que en seguida se opuso a dicho señalamiento.

El día 25 de marzo de 1941, cuando ya habían transcurrido 121 días desde la presentación de las acusaciones el acusado compareció, no para pedir el archivo y sobreseimiento de la

causa y sí para pedir que se anticipara la fecha del juicio, lo que a nuestro juicio constituye un acto de renuncia implícita, la cual quedó ratificada y confirmada al pedir la suspensión del juicio hasta nuevo señalamiento.

*Deben desestimarse las tres peticiones.*