EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENRIQUE SANTI ORTIZ, acusado y apelante.

*Número:* CR-76-257    *Resuelto:* 23 de mayo de 1977

*Ramón Rivera Valentín,* abogado del apelante; *Roberto Armstrong, Jr., Procurador General Interino, y Ricardo E. Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Acusado el apelante de alterar la paz fue sentenciado a sufrir tres meses de cárcel y pagar $300 de multa. Solicitó juicio *de novo.* En el Tribunal Superior fue sentenciado a cuatro meses de cárcel([1]) y $400 de multa.

Apunta dos errores. Violación de su derecho a que se le celebrara el juicio *de novo* dentro de los 120 días de haberse radicado los autos en el Tribunal Superior y que la pena impuesta resulta demasiado severa.

El 27 de febrero de 1974 se radicaron los autos del Tribunal de Distrito ante el Tribunal Superior. El 11 de marzo se señala el juicio *de novo* para el 8 de julio de 1974. Este señalamiento se le notificó a la Sociedad de Asistencia Legal y al acusado. El 3 de abril el juez ante quien se celebrara la vista se inhibió. El 8 de abril se señaló de nuevo el caso para el 15 de julio. Se notificó al acusado. La vista del 15 de julio fue transferida para el 16 de septiembre. Esta transferencia se hizo el 6 de junio. Fueron notificados el acusado y el Lic. Pérez Caraballo de Asistencia Legal.

---

([1]) Se le suspendió la sentencia de cárcel a tenor con lo dispuesto en la Ley Núm. 259 de 3 de abril de 1946.

■ La razón que fundamenta nuestro criterio en las apelaciones es aplicable a los juicios *de novo*. Hemos resuelto repetidamente que el término de 120 días establecido en la Regla 64 de las de Procedimiento Criminal de 1963 se aplica a los casos apelados del Tribunal de Distrito al Tribunal Superior, debiendo computarse el término a partir de la fecha en que los autos quedan radicados en el Tribunal Superior. *Pennington* v. *Corte*, 60 D.P.R. 260 (1942) ; *Pueblo* v. *Balzac*, 56 D.P.R. 649 (1940) ; *Pueblo* v. *Ortiz*, 51 D.P.R. 379 (1937) ; *Pueblo* v. *Romero*, 39 D.P.R. 557 (1929).

Habiéndose radicado los autos en el Tribunal Superior el 27 de febrero de 1974, el juicio *de novo* debía celebrarse en o antes del 27 de junio de 1974. Fue celebrado el 16 de septiembre, expirando ya el término de 120 días. Pero hemos dejado anteriormente consignado que el primer señalamiento de 11 de marzo se hizo para el 8 de julio, fecha en que ya dicho término había expirado. El señalamiento del 15 de julio tiene fecha de 8 de abril y el del 16 de septiembre se hizo el 6 de junio. Todos estos señalamientos se hicieron antes de expirar el término de 120 días. No es hasta el 23 de julio después de expirado el referido término, que el acusado solicita el archivo. El tribunal de instancia denegó el pedido. Actuó correctamente.

■ En *Pueblo* v. *Reyes Herrans*, 105 D.P.R. 658 (1977), citamos a *Sykes* v. *Superior Court of Orange County*, 507 P.2d 9 (1973) de la Corte Suprema de California que sostiene que "[l]a única obligación que la ley impone a un acusado para proteger su derecho a un juicio rápido consiste en presentar objeción cuando su juicio ha sido fijado para una fecha posterior al período establecido por ley y entonces proceder a presentar una moción de desestimación una vez dicho período haya expirado . . . ."

■ El acusado en el presente caso presentó la moción de archivo luego de expirado el término de 120 días, pero no presentó objeción alguna a ninguno de los señalamientos he-

chos antes de expirar el término, para fechas posteriores a la expiración del término de 120 días. Es interesante apuntar que precisamente al día siguiente de vencer el término de 120 días, el 28 de junio, el acusado a través de un nuevo abogado solicitó información de la Secretaría del Tribunal para corroborar el "día de radicación del 'juicio de novo' en el Tribunal Superior" y "nuevo señalamiento".

No habiéndose opuesto el acusado al señalamiento hecho con su consentimiento el 6 de junio, tres semanas antes de vencer el término de 120 días de radicados los autos en el Tribunal Superior, es evidente que el acusado renunció a su derecho a un juicio rápido.

*Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409, 415 (1974), citado por el apelante, es distinguible. En *Arcelay Galán* reconocimos que el derecho a juicio rápido es uno de los derechos constitucionales fundamentales cuya renuncia debe ser expresa y no presunta, voluntaria y efectuada con pleno conocimiento de causa. En aquel caso el acusado se opuso a una moción del fiscal para que se suspendiera el juicio en la fecha para la cual había sido señalado, y para ello invocó su derecho a juicio rápido. El tribunal, no obstante, accedió a la suspensión e hizo un nuevo señalamiento para una fecha ciento treinta y tres días más tarde. El acusado no consignó objeción a este nuevo señalamiento, y en las circunstancias de aquel caso entendimos que no tenía que hacerlo, pues ya había expresado su oposición a la suspensión precisamente por el fundamento de que se violaba su derecho a juicio rápido.

■ Las circunstancias en el caso que ahora consideramos sugieren poderosamente que el silencio del acusado a los distintos señalamientos, todos para una fecha posterior al plazo de 120 días, no obedeció a una inadvertencia. El estaba representado por abogado. Por ser esencial para el descargo adecuado de sus funciones, los abogados en la práctica criminal están atentos a los señalamientos, especialmente para invocar los términos que puedan favorecerlos. Al percatarse un abo-

gado de que el nuevo señalamiento viola el plazo de 120 días y permanecer callado para luego invocarlo para beneficio de su cliente habiéndose vencido el plazo, es una estratagema que no debe derrotar el derecho del Estado a que se le celebre juicio al acusado. En el caso de autos, el acusado debidamente representado por abogado, no objetó a tres señalamientos hechos con suficiente anterioridad, todos para fechas posteriores al vencimiento del plazo de 120 días. Su pasividad, en tales circunstancias, es más que una renuncia tácita a ser juzgado en 120 días. Fue voluntaria y efectuada con pleno conocimiento de causa. No se violó, por tanto, su derecho a juicio rápido.

La pena impuesta excedió los límites establecidos para el delito por el cual se acusó al apelante. *Se modificará la sentencia a los efectos de reducir el período de reclusión a tres meses, Art. 368, Código Penal 1937, 33 L.P.R.A. sec. 1439. Así modificada se confirmará.*

El Juez Presidente Señor Trías Monge disintió en opinión separada.

—O—

Opinión disidente emitida por el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 23 de mayo de 1977.

Considero que la confirmación de la sentencia en este caso está reñida con la norma establecida en *Pueblo* v. *Arcelay Galán,* 102 D.P.R. 409, 415 (1974), donde rechazamos la versión entonces vigente en Puerto Rico de la doctrina de renuncia al juicio rápido. *Pueblo* v. *Martínez Vega,* 98 D.P.R. 946, 951–952 (1970), expresamente revocado en *Arcelay,* representaba la doctrina anterior. Sus hechos son análogos al caso de autos. Estimo respetuosamente que la opinión de la mayoría adopta una interpretación innecesariamente restrictiva de *Arcelay.*