*1165 TEXTO COMPLETO DE LA SENTENCIA
El día 26 de septiembre de 1995, se presenta un recurso de certiorari de unas resoluciones emitidas por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, Sala de Vista Preliminar el día 18 de septiembre de 1995, donde se señalaron los casos de los peticionarios para una fecha alegadamente fuera del término de juicio rápido de treinta (30) días que dispone la Regla 64(n) (5) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Se acompaña con la referida petición una moción en auxilio de jurisdicción del tribunal, solicitando la paralización de los procedimientos en el tribunal de instancia ya que de no ordenarse se tornaría académica la controversia.
Evaluado el recurso de certiorari y los documentos que lo acompañan procedemos a expedir el auto de certiorari solicitado revocando las resoluciones emitidas por el tribunal de instancia, por los siguientes fundamentos. 
Contra el peticionario Harrison Berrios Rivera se presentaron varias denuncias por los delitos graves de Robo e infracción a los artículos 6, 8 y 11 de la Ley de Armas, sobre unos hechos alegadamente ocurridos el día 29 de agosto de 1995. En cuanto al peticionario Juan Benitez Castro se presentó una denuncia por el delito grave de Apropiación Ilegal Agravada, de hechos alegadamente ocurridos el día 25 de julio de 1995.
Ambos imputados fueron arrestados por la policía el día 29 de agosto de 1995 e ingresados a una institución penal por no haber prestado la fianza fijada. Se señalaron las vistas preliminares para el día 18 de septiembre de 1995. Para esa fecha los imputados se encontraban sumariados por no haber podido prestar las fianzas y no fueron llevados por las autoridades correspondientes al tribunal, por lo cual no se pudo celebrar la vista preliminar. La representación legal de los imputados, la Sociedad para Asistencia Legal, solicitó un señalamiento dentro del término de treinta (30) días de juicio rápido que dispone la Regla 64(n)(5) de las Reglas de Procedimiento Criminal y el tribunal de instancia denegó tal pedido, entre otras razones por congestión en los calendarios de la sala y porque para el día 28 de septiembre de 1995 está señalada la Conferencia Judicial. El tribunal de instancia en sus determinaciones hace constar la oportuna solicitud de la defensa objetando el señalamiento de los casos fuera del término, pero no incluye si las razones por las cuales no llevaron a los sumariados a las vistas preliminares, fueron ajenas a la responsabilidad del estado. (Aps. VI y IX, págs. 6 y 9.)
II
La Regla 64(n)(5) de las Reglas de Procedimiento Criminal dispone como fundamentos para desestimar y citamos.

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:

(a)...

(b)...

(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa cau-sa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

*1166
(2)...

(5) Que la persona estuvo detenida en la cárcel por un total de treinta (30) días después de su arresto sin que se le hubiere celebrado la vista preliminar en los casos en que deba celebrarse."

El término de treinta (30) días dispuesto en la regla para celebrar la vista preliminar comienza a decursar a partir de la fecha en que el denunciado es efectivamente arrestado y está obligado a responder por los cargos que se le formulan. Pueblo v. Miró González, opinión de 30 de junio de 1993, 93 J.T.S. 115, pág. 10971; Pueblo v. Rivera Colón, 119 D.P.R. 315, 321-322 (1987). Se ha reconocido que si un imputado no se opone a un señalamiento hecho por el tribunal fuera del término de juicio rápido, se entiende que renuncia al mismo. Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 120 (1987); Pueblo v. Santi Ortiz, 106 D.P.R. 67, 70-71 (1977).
Por ser un derecho fundamental el derecho a juicio rápido, los funcionarios judiciales deben siempre tenerlo en cuenta al señalar los casos, y con más razón cuando se le advierte por la defensa de que el señalamiento violenta tal derecho. Pueblo v. Arcelay Galán, 102 D.P.R. 409, 414 (1974).
Nuestro más alto tribunal se ha expresado que "[djebe quedar aclarado definitivamente que la congestión del calendario no constituye justa causa para la demora en la celebración del juicio en una causa penal." Pueblo v. Rivera Tirado, 117 D.P.R. 419, 436 (1986); Jiménez Román v. Tribunal Superior, 98 D.P.R. 874, 883 (1970).
III
Conforme el recurso presentado y los documentos que obran en autos podemos colegir, que el señalamiento que hiciera el tribunal de instancia fuera del término de juicio rápido de treinta (30) días, el cual vence el día 28 de septiembre de 1995, no descansa en un criterio de razonabilidad o de justa causa. La congestión del calendario de las vistas preliminares previo a la celebración de la Conferencia Judicial y el hecho de que ésta se celebre el día en que vencen los términos a juicio rápido de los peticionarios, no es fundamento para no cumplir con el mandato de ley y se aparta de las normas antes mencionadas. La propia Convocatoria de la Conferencia Judicial CE-95-6, dispone que los jueces que comparezcan a la conferencia deben tomar las medidas necesarias ”[s]in afectar los calendarios de asuntos urgentes que deben ser atendidos durante el período, de la misma".
En ausencia de circunstancias que justifiquen el señalamiento de las vistas preliminares fuera del término de juicio rápido, se le ordena al Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, que previo el trámite correspondiente, señale las vistas preliminares de los casos ante nuestra consideración, dentro del término que dispone la Regla 64(n)(5) de las Reglas de Procedimiento Criminal.
Por los anteriores fundamentos se deniega la moción en auxilio de jurisdicción por académica y se expide el auto de certiorari solicitado, revocando las resoluciones emitidas por el tribunal de instancia. Se ordena al tribunal de instancia que señale los casos VP 95-5742 al VP 95-5745 y VP 95-5741, dentro del término de juicio rápido que disponen las reglas.
Notifíquese por facsímil, por teléfono y por la vía ordinaria a las partes y al tribunal de instancia.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 298
1. La resolución fue emitida por el tribunal de instancia el día 18 de septiembre de 1995 y el recurso fue presentado el día 26 de septiembre de 1995, por lo cual no obra en autos la posición del estado. No obstante por la premura del remedio solicitado, la controversia planteada y los derechos constitucionales alegados y por haberse presentado los documentos necesarios para su resolución procedemos a considerar el mismo.