# 97 DTA 114

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

JOSE A. QUIÑONES SOTO
Recurrido

Núm. KLCE-97-00248

RECEIVED
SEP 1 2 1997
SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 7 de mayo de 1997

Panel integrado por su Presidente, Juez señor Brau Ramírez
y los Jueces señor Colón Birriel y señora Pesante Martínez

Pesante Martínez, Juez Ponente

██

## TEXTO COMPLETO DE LA SENTENCIA

El Procurador General solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Humacao, mediante la cual desestimó una denuncia de conformidad con la Regla 64(n)(6) de Procedimiento Criminal. Nos corresponde determinar si el imputado renunció a su derecho a que se celebrara una vista preliminar dentro de los sesenta (60) días de su arresto. Concedimos término al recurrido para que mostrara causa por la cual no debíamos revocar la determinación del Tribunal de Primera Instancia. Ambas partes han comparecido por lo que procedemos a resolver según lo intimado.

### I

A continuación esbozamos los hechos pertinentes a la controversia que nos ocupa:

El 14 de mayo de 1996 José A. Quiñones fue denunciado por infringir el Art. 259 del Código Penal, 32 L.P.R.A. sec. 4494, ██ que penaliza la presentación de declaraciones o alegaciones falsas sobre la comisión de algún delito. Dicha denuncia fue desestimada por encontrarse el acusado sumariado y no haberse celebrado la vista preliminar dentro del término de treinta (30) días dispuesto en la Regla 64(n)(5) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El 10 de octubre de 1996, se re-sometió nuevamente el caso. El Tribunal de Instancia impuso una fianza pecuniaria, la cual fue prestada en efectivo y señaló la celebración de la vista preliminar para el 6 de noviembre de 1996. El 12 de noviembre la Sociedad Para Asistencia Legal solicitó la suspensión de la vista por razón de que el imputado estaba gestionando ser representado por el Lcdo. Rafael Bermúdez, abogado en el ejercicio privado de la profesión. El 3 de diciembre nuevamente la vista se suspendió pero en ésta ocasión por causas atribuibles al Ministerio Público. Así las cosas, se re-señaló la vista preliminar para el 29 de enero de 1997. Ese día la prueba del fiscal no estaba completa y la defensa solicitó la inhibición de la juez que iba a presidir la vista puesto que ésta había sido quien había determinado causa probable para el arresto. El Tribunal señaló la vista para el 21 de febrero de 1997, es decir, veinte (20) días en exceso del término dispuesto en la Regla 64(n)(6) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, para la celebración de vista preliminar. Ese día la prueba de cargo no compareció y la defensa solicitó la desestimación de la denuncia por alegada violación al derecho a juicio rápido. El Ministerio Público argumentó que la defensa, al no objetar el señalamiento fuera del término, había renunciado a su derecho a que se celebrara la vista dentro de los sesenta (60) días del arresto del imputado. Trabada la controversia, el Tribunal de Instancia desestimó la denuncia al amparo de la Regla 64(n)(6) de Procedimiento Criminal.

Insatisfecho con el dictamen en cuestión, el Procurador General recurre ante nos en el interés de obtener la revocación de la resolución en controversia. En el recurso de *certiorari* que nos ocupa señaló la comisión de un único error, a saber:

*"Incurrió en error el Honorable Tribunal de Primera Instancia al desestimar por la Regla 64(n)(6) de Procedimiento Criminal, la denuncia contra José A. Quiñones Soto por Infracción al Art. 259 del Código Penal. Al así proceder, la determinación del tribunal resulta contraria a la jurisprudencia sobre la materia sentada desde Pueblo v. Santi Ortiz, 106 D.P.R. 67 (1977)."*

Por entender que el mencionado error se cometió, expedimos el auto solicitado y revocamos.

### II

La Regla 64(n)(6) de Procedimiento Criminal, *supra*, dispone lo siguiente:

*"La moción para desestimar la acusación o la denuncia o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:*

*(n) Que exista una o varias de las siguientes circunstancias a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:*

*(1)...*

*(2)...*

*(3)...*

*(4)...*

*(5)...*

*(6) Que no se celebró la vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos que deba celebrarse."*

En consonancia con el anterior precepto existen tres (3) variantes para que la demora en celebrar la vista preliminar no constituya violación al derecho a juicio rápido del imputado. Estas son las siguientes:

*"1) Que el fiscal pueda demostrar justa causa para la demora en la celebración de vista preliminar al imputado;*

*2) Que tal demora sea a solicitud del imputado o,*

*3) Que tal demora sea con el consentimiento del imputado."*

El concepto de juicio rápido es relativo, no absoluto; no es un concepto inconsistente con cierta tardanza, pero la demora no debe ser intencional ni opresiva. Siendo ello así, el Tribunal Supremo de Puerto Rico en *Pueblo v. Rivera Tirado,* 117 D.P.R. 419, 432 (1986), adoptó los criterios establecidos en *Barker v. Wingo,* 407 U.S. 514 (1972), en ocasión del Tribunal Supremo Federal interpretar la Enmienda Sexta de la Constitución de los Estados Unidos. Allí se adoptaron los cuatro (4) criterios que deberán tomarse en consideración al momento de determinar si hubo violación al derecho a juicio rápido, a saber:

*"(1) duración de la tardanza*

*(2) razones para la dilación*

*(3) si el acusado ha invocado oportunamente ese derecho*

*(4) el posible perjuicio resultante de la tardanza."*

El derecho a juicio rápido resulta ser un derecho fundamental por lo que su renuncia tiene que ser expresa y no presunta, voluntaria y efectuada con pleno conocimiento. *Pueblo v. Arcelay Galán,* 102 D.P.R. 409 (1974). Sin embargo, se considera que el imputado renuncia válidamente a su derecho a juicio rápido si no presenta objeción a un señalamiento de vista para una fecha posterior al vencimiento de los términos vigentes estatuidos en la Regla 64(n)(6) de Procedimiento Criminal. En *Pueblo v. Santi Ortiz,* 106 D.P.R. 67, 69 (1977), nuestro Tribunal Supremo consignó que *"[l]a única obligación que la ley impone a un acusado para proteger su derecho a un juicio rápido consiste en presentar objeción cuando su juicio ha sido fijado para una fecha posterior al período establecido por ley y entonces proceder a presentar una moción de desestimación una vez dicho período haya expirado...".* Por tanto, esta doctrina impide que un imputado levante como defensa su derecho a juicio rápido cuando éste se queda cruzado de brazos al ver que el Tribunal hace un señalamiento para vista

preliminar transcurrido el término dispuesto en la Regla 64(n)(6).

En el caso de marras el imputado no objetó el señalamiento de vista preliminar fuera de los términos, razón por la cual, se entendió que renunciada al derecho a juicio rápido. Para prevalecer en su señalamiento el imputado no podía descansar en el sólo hecho de que el Ministerio Público no se encontraba preparado para comenzar la vista preliminar. Este estaba obligado a presentar una objeción ante el nuevo señalamiento para que procediera su solicitud de desestimación. En conclusión, el Tribunal de Instancia erró al acoger la solicitud de desestimación bajo la Regla 64(n)(6) cuando el imputado ya había renunciado a dicho derecho.

Por los fundamentos que anteceden, se expide el auto de *certiorari*, se revoca la resolución mediante la cual se desestimó la denuncia al amparo de la Regla 64 (n)(6) y se devuelve el caso para la continuación de los procedimientos consistentes con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

**ESCOLIOS 97 DTA 114**

**1.** Sec. 4494. Declaración o alegación falsa sobre delito.

*"El que mediante querella, solicitud, información, confidencia, no importa que sea anónima o bajo falso nombre, dirigida a personas o funcionarios con autoridad en ley para hacer investigaciones de naturaleza criminal, declare o alegue falsamente teniendo conocimiento de su falsedad, que se ha cometido un delito, provocando así en inicio de una investigación encaminada a esclarecerlo, incurrirá en las siguientes penas..."*

**2.** Véase también, *Pueblo v. Rivera Colón*, 119 D.P.R. 315 (1987); *Pueblo v. Ramos Alvarez*, 118 D.P.R. 782 (1987).