Brau Ramírez, Juez Ponente
*993 TEXTO COMPLETO DE LA SENTENCIA
I
El peticionario, Julián Cruz Hernández, solicita la revisión de una resolución interlocutoria emitida en corte abierta el 12 de enero de 2005 por el Tribunal de Primera Instancia, Sala Superior de Carolina, en el proceso criminal que se ventila ante dicho foro contra el peticionario.
Mediante el dictamen en cuestión, el Tribunal de Primera Instancia denegó la solicitud del peticionario de que se desestimara los cargos en su contra, conforme a la Regla 64, inciso (n) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n). La solicitud del peticionario está basada en la omisión del Ministerio Público de contestar de manera oportuna una solicitud de descubrimiento de prueba presentada por el peticionario, lo que ha provocado que el peticionario no hubiera podido ser sometido a juicio dentro del término establecido por el citado precepto.
Mediante resolución emitida el 1ro de febrero de 2005, acogimos el recurso presentado y concedimos término al Ministerio Público para comparecer y mostrar causa por la cual no debíamos emitir el auto, revocar la resolución recurrida y, en su lugar, ordenar la desestimación del procedimiento. En auxilio de nuestra jurisdicción, ordenamos la paralización de los procedimientos.
La parte recurrida ha comparecido por escrito. Procedemos según lo intimado.
II
Según se desprende del recurso, el peticionario fue denunciado en ausencia ante el Tribunal de Primera Instancia, Sala de San Juan, por tres cargos de violación al Art. 272 del Código Penal, 33 L.P.R.A. see. 4592, por posesión y traspaso de documentos falsificados y por infracción al Art. 5.01 de la Ley de Armas, 25 L.P.R. A. see. 458 (Supl. 2004), por la venta ilegal de un arma de fuego, y el Art. 5.07 de dicha Ley, 25 L.P.R.A. see. 458f (Supl. 2004).
Las denuncias estaban relacionadas a hechos ocurridos en Carolina entre el 20 de febrero de 2003 y el 20 de marzo de 2003. Al peticionario se le imputó que, el 20 de enero de 2003, portaba y poseía una escopeta recortada calibre 20, modelo Steven 67, que fue ilegalmente vendida por él a cambio de $400.00 y que, en las otras fechas envueltas, poseía y circuló billetes falsificados de dinero.
El Tribunal determinó causa para el arresto en mayo de 2003 y le. fijó la correspondiente fianza al peticionario, la cual fue prestada por éste.
Luego de otros incidentes, se celebró la vista preliminar en abril de 2004. El Tribunal determinó causa para acusar al peticionario por los delitos mencionados. Se presentaron las correspondientes acusaciones ante el Tribunal de Primera Instancia. El acto de lectura de las mismas se celebró el 11 de mayo de 2004. El juicio fue señalado para el 14 de junio de 2004.
*994 Poco antes del juicio, el 10 de junio de 2004, el peticionario presentó una moción de descubrimiento de prueba, bajo la Regla 95 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 95, solicitando la producción de varios documentos y declaraciones.
El peticionario solicitó que se le produjera el informe del delito y de arresto relacionado al caso; cualquier informe confidencial sobre la infracción cometida; el informe sobre relación de gastos del agente que participó en la investigación y sus correspondientes recibos; el nombre y dirección de las personas entrevistadas por el Ministerio Público; cualquier otro informe, libro, documento, papel o evidencia objetiva que tuviera en su poder la Policía, como consecuencia de análisis, pruebas o investigaciones realizadas en relación con el caso; toda fotografía en poder de la Policía relacionada al caso y cualquier declaración o admisión del peticionario.
El peticionario también solicitó que se le produjera cualquier evidencia exculpatoria.
Debido a la moción del peticionario, el juicio fue pospuesto para el 16 de agosto de 2004.
El 7 de julio de 2004, el Tribunal ordenó a las partes que se reunieran y que llevaran a cabo el descubrimiento de prueba solicitado. El Tribunal dispuso que "[d]e surgir alguna controversia en dicha reunión, dentro de los próximos cinco (5) días contados a partir de esa reunión, debe solicitarse la intervención del tribunal para resolverla. De lo contrario, se entenderá completado y satisfecho el descubrimiento de prueba y no acogeremos planteamientos de derecho sobre esta materia".
El 16 de agosto de 2004, el Tribunal expresó que entendía que el caso correspondía a la región de Carolina, por haber ocurrido los hechos en dicho municipio, y dispuso la suspensión del procedimiento para el 8 de septiembre de 2004. Para esa fecha, el Ministerio Público no había contestado el descubrimiento de prueba presentado por el peticionario. El peticionario, sin embargo, no hizo planteamiento alguno al Tribunal.
Posteriormente, Primera Instancia ordenó el traslado de la causa a la Sala de Carolina.
El 8 de septiembre de 2004, el caso fue suspendido, debido a que no se había recibido el expediente. Para esa fecha, el Ministerio Público tampoco había contestado la moción de descubrimiento de prueba del peticionario. El peticionario no hizo gestión alguna sobre lo anterior.
El 7 de octubre de 2004, el peticionario presentó una moción de desestimación, alegando que habían transcurrido los términos de juicio rápido. Mediante resolución emitida ese mismo día, 7 de octubre de 2004, el Tribunal de Primera Instancia denegó dicha moción, razonando que la primera suspensión había sido atribuible al peticionario y que el cómputo de los términos debía realizarse a partir del 16 de agosto de 2004. El caso fue señalado para el 26 de octubre de 2004.
Ese día, el Ministerio Público informó que no tenía el expediente del caso y que su prueba no estaba completa. Para esa fecha, no se había contestado la solicitud de descubrimiento de prueba del peticionario. No surge que el peticionario hubiese presentado planteamiento al respecto. El juicio fue trasladado para el 1ro de noviembre de 2004.
El 1ro. de noviembre de 2004, el peticionario se quejó por primera vez de que aún no se había contestado su solicitud de descubrimiento de prueba. Ese día, el Ministerio Público le entregó al peticionario varios de los documentos solicitados por él. El Tribunal observó que el peticionario no había levantado este asunto anteriormente. El Tribunal le concedió un término al Ministerio Público, hasta el 8 de septiembre de 2004, para someter la prueba restante. El caso fue suspendido y reseñalado para el 14 de diciembre de 2004.
El 9 de noviembre de 2004, el Ministerio Público presentó una moción en la que informaba que había *995 entregado todo documento comprendido en la solicitud de descubrimiento de prueba del peticionario.
El 12 de noviembre de 2004, el peticionario instó el recurso KLCE-2004-01475 ante este Tribunal, cuestionando la resolución emitida por el Tribunal de Primera Instancia el 7 de octubre de 2004, que había denegado la moción de reconsideración del peticionario.
Mediante resolución emitida el 10 de diciembre de 2004, denegamos el recurso presentado, concluyendo que los términos de juicio rápido debían computarse a partir del 16 de agosto de 2004 y que los mismos aún no habían transcurrido.
El 14 de diciembre de 2004, el abogado del peticionario no compareció al Tribunal, por estar atendiendo otro señalamiento en San Juan. Dicho letrado, sin embargo, se comunicó con el Tribunal por la vía telefónica e indicó que el Ministerio Público, quien estaba en Sala, aún no había completado la producción de los documentos solicitados.
El Tribunal señaló una vista para el 29 de diciembre de 2004 para discutir este asunto.
El 16 de diciembre de 2004, el peticionario presentó una segunda moción de desestimación, alegando que los términos de juicio rápido habían expirado.
El 29 de diciembre de 2004, el peticionario solicitó nuevamente al Tribunal que ordenara la desestimación del caso. Alegó que el Ministerio Público no le había entregado los siguientes documentos solicitados: el informe forense, el informe de delitos y arresto y el informe de gastos. El peticionario también señaló que no se le había producido un video anunciado por el Ministerio Público. El Ministerio Público alegó que había invitado al peticionario a pasar por la Fiscalía para entregarle los documentos. El Tribunal denegó la moción de desestimación del peticionario y le ordenó al Ministerio Público producir la información solicitada. El juicio fue reseñalado para el 12 de enero de 2005.
Al igual que en las ocasiones anteriores, sin embargo, el Ministerio Público tampoco cumplió con el término concedido. El día de la vista, 12 de enero de 2005, el peticionario presentó una tercera moción de desestimación bajo la Regla 64, inciso (n) de las de Procedimiento Criminal.
Ese día, el Ministerio Público entregó copia del video solicitado y se comprometió a entregar al peticionario al día siguiente, copia del certificado del análisis del arma de fuego, el que, a pesar de todos los meses transcurridos, aún no había sido entregado al peticionario. El Tribunal se negó nuevamente a desestimar la causa y reseñaló el juicio para el 21 de enero de 2005.
No fue sino hasta ese día, que el Ministerio Público finalmente produjo el informe de balística del arma. El Tribunal comenzó a desinsacular el jurado en dicha fecha, a pesar de la objeción del peticionario, quien alegó que no estaba preparado para entrar en el juicio, debido a que la evidencia le había sido producida tardíamente. El Tribunal denegó el planteamiento del peticionario.
Insatisfecho, el peticionario acudió ante este Tribunal.
III
En su recurso, el peticionario plantea que el Tribunal de Primera Instancia erró al no ordenar la desestimación del procedimiento en su contra, bajo la Regla 64, inciso (n) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n), por la infracción a los términos de juicio rápido establecidos en dicho precepto.
La Constitución del Estado Libre Asociado de Puerto Rico, según se conoce, garantiza a toda persona *996 acusada de un delito el derecho a un juicio rápido, conforme lo dispone el Art. II, Sección 11 de dicho documento. Pueblo v. Guzmán Meléndez, 161 D.P.R. _ (2004), 2004 J.T.S. 16, a la pág. 583; Pueblo v. Carrión Rivera, 159 D.P.R. _ (2003), 2003 J.T.S. 102, a la pág. 1,139; Pueblo v. Rivera Tirado, 117 D.P.R. 419, 430-432 (1986).
Este derecho se activa a partir de que la persona ha quedado detenida o, de otro modo, sujeta a responder. Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a la pág. 586; Pueblo v. Carrión Rivera, 2003 J.T.S. 102, a la pág. 1,140; Pueblo v. Valdés et al., 155 D.P.R. _ (2001), 2001 J.T.S. 170, a la pág. 519; Pueblo v. Cartagena Fuentes, 152 D.P.R. _ (2000), 2000 J.T.S. 163, a la pág. 229; Pueblo v. Candelaria, 148 D.P.R. 591, 596 (1999); Pueblo v. Miró González, 133 D.P.R. 813, 818 (1993).
El mismo se extiende al acto del juicio, así como a todas las etapas previas, desde que el imputado ya está obligado a defenderse y se ha activado el mecanismo para lograr su convicción. Pueblo v. Miró González, 133 D.P.R. a la pág. 818; Pueblo v. Félix Avilés, 128 D.P.R. 468, 477 (1991); Pueblo v. Opio Opio, 104 D.P.R. 165, 169-170 (1975).
Para viabilizar este derecho, la Regla 64(n) de las de Procedimiento Criminal establece, como fundamento para la desestimación de una denuncia o acusación, el que no se hubieran completado los trámites judiciales contemplados por dicho precepto dentro de los términos establecidos por el mismo. Véase, Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 519; Pueblo v. Cartagena Fuentes, 2000 J.T.S. 163, a la pág. 229; Pueblo v. Rivera Colón, 119 D.P.R. 315, 321 (1987).
El incumplimiento con los términos establecidos por la citada Regla da lugar a la desestimación del procedimiento. Pueblo v. Rivera Rodríguez, 150 D.P.R. 428, 442 (2000); Pueblo v. Opio Opio, 104 D.P.R. a las págs. 170-171.
En general, la Regla 64(n) requiere que: (1) la acusación o denuncia contra un acusado sea presentada dentro de sesenta (60) días después de su arresto o citación, o dentro de treinta (30) días de la determinación de causa probable para su arresto, si no hubiera permanecido detenido; o que dicha acusación o denuncia sea presentada dentro de treinta (30) días a partir de su arresto o quince (15) días desde que un magistrado autorizó la presentación de la misma, si hubiera permanecido detenido; (2) la vista preliminar sea celebrada dentro de sesenta (60) días a partir de que se hubiera ordenado el arresto del imputado, si no hubiera permanecido detenido, o dentro de treinta (30) días, si hubiera estado encarcelado; y (3) que el juicio sea celebrado dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia, si no hubiera estado detenido, o de sesenta (60) días, si lo hubiera estado. Véase, Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 519; Pueblo v. Cartagena Fuentes, 2000 J.T.S. 163, a la pág. 230.
El Tribunal Supremo ha señalado que es obligación del imputado invocar su derecho oportunamente. Un imputado renuncia a su derecho cuando no presenta una objeción a que se haga un señalamiento de vista para una fecha posterior al vencimiento de los términos. Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 521; Pueblo v. Rivera Arroyo, 120 D.P.R. 114, 120 (1987); Pueblo v. Santi Ortiz, 106 D.P.R. 67, 70 (1977); Pueblo v. Reyes Herrans, 105 D.P.R. 658, 663 (1977).
Una vez el acusado ha reclamado oportunamente la violación a los términos, el peso de la prueba para justificar la demora recae sobre el Ministerio Público. Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 521; Pueblo v. Santa-Cruz, 149 D.P.R. 223, 239 (1999).
Cuando la suspensión de un señalamiento es por justa causa o por motivos atribuibles al acusado, los términos empiezan a discurrir nuevamente desde la fecha en que estuvieran las vistas señaladas. Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 518.
*997 Ahora bien, el Tribunal Supremo de Puerto Rico ha aclarado que a pesar de su carácter fundamental, el derecho a juicio rápido no es absoluto. Pueblo v. Candelaria, 148 D.P.R. a la pág. 597. Por el contrario, el mismo "evade la tiesa aritmética de la regla". Pueblo v. Rivera Colón, 119 D.P.R. a la pág. 323.
La mera inobservancia de los términos establecidos por la Regla 64(n), por sí sola, no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación. Pueblo v. Candelaria, 148 D.P.R. a la pág. 598.
Se impone, más bien, una ponderación de las circunstancias particulares de cada caso. Pueblo v. Santa-Cruz, 149 D.P.R. a las págs. 239-240; Pueblo v. Candelaria, 148 D.P.R. a las págs. 598-599; Pueblo v. Rivera Arroyo, 120 D.P.R. a la pág. 119.
Según ha observado el Tribunal Supremo de Puerto Rico:
“La pesquisa de si se infringió o no [el derecho a juicio rápido de un acusado] no debe descansar exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses en juego. El enfoque es más bien de tipo pragmático y responde a la naturaleza inherente de la dinámica del derecho a juicio rápido. Es relativo, no absoluto. Juicio rápido no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional ni opresiva. ” Pueblo v. Rivera Tirado, 117 D.P.R. a la pág. 433.
Cuando se trata de una violación del derecho a juicio rápido durante la etapa del juicio, el Tribunal Supremo de Puerto Rico ha indicado que deben tomarse en consideración los siguientes factores para evaluar la tardanza: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado ha invocado oportunamente ese derecho, y (4) perjuicio resultante de la tardanza. Pueblo v. Carrión Rivera, 2003 J.T.S. 102, a la pág. 1,139; Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 521; Pueblo v. Candelaria, 148 D.P.R. a la pág. 598; Pueblo v. Rivera Tirado, 117 D.P.R. a la pág. 433; véase, además, Ernesto Chiesa, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. II, Editorial Forum, 1992, págs. 140 y ss.
Debe considerarse si existió causa justificada para la tardanza y si ésta obedeció a una solicitud del imputado o fue consentida por éste. Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 519; Pueblo v. Cartagena Fuentes, 2000 J.T.S. 163, a la pág. 230; Pueblo v. Santa-Cruz, 149 D.P.R. a la pág. 239; Pueblo v. Candelaria, 148 D.P.R. a la pág. 599; Pueblo v. Rivera Colón, 119 D.P.R. a la pág. 325; Pueblo v. Opio Opio, 104 D.P.R. a la pág. 170.
La determinación de qué constituye justa causa es una que responde a la totalidad de las circunstancias. Pueblo v. Santa-Cruz, 149 D.P.R. a las págs. 239-240; Pueblo v. Arcelay Galán, 102 D.P.R. 409, 417 (1974).
Las demoras intencionales y opresivas no constituyen justa causa para la inobservancia del término. Pueblo v. Santa-Cruz, 149 D.P.R. a la pág. 239; Pueblo v. Candelaria, 148 D.P.R. a la pág. 599. No obstante, las demoras institucionales que no tengan el propósito de perjudicar a la persona imputada o acusada, son evaluadas con menos rigurosidad que las intencionales. Pueblo v. Valdés et al., 2001 J.T.S. 170, a la pág. 522; Pueblo v. Candelaria, 148 D.P.R. a las págs. 598-599; Pueblo v. Rivera Tirado, 117 D.P.R. a la pág. 435.
El Tribunal Supremo de Puerto Rico ha resuelto, en este particular, que la omisión del Ministerio Público de contestar de manera oportuna una solicitud de descubrimiento de prueba formulada a tenor con la Regla 95 de las de Procedimiento Criminal, no constituye una justificación apropiada para el incumplimiento con los términos de juicio rápido. Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a las págs. 588-589; Pueblo v. Santa-Cruz, 149 D.P.R. a la pág. 242.
*998 Se trata del tipo de demora injustificada que perjudica a la defensa, al no permitirle estar preparada para defenderse en el procedimiento. Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a las págs. 588-589; Pueblo v. Santa-Cruz, 149 D.P.R. a la pág. 242.
Debe recordarse que el derecho a conducir descubrimiento de prueba forma parte del derecho de acusado a preparar adecuadamente su defensa. Pueblo v. Santa-Cruz, 149 D.P.R. a la pág. 231; Pueblo v. Arocho Soto, 137 D.P.R. 762, 766 (1994); Pueblo v. Echevarría Rodríguez I, 128 D.P.R. 299, 324 (1991).
En la situación de autos, según hemos visto, el peticionario se queja de que no ha sido sometido a juicio dentro del término de ciento veinte (120) días establecido por la Regla 64(n)(4) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(n)(4).
Dicho término, según concluyéramos en la resolución emitida por este Tribunal el 10 de diciembre de 2004 en el recurso KLCE-2004-01475, debe ser computado a partir del 16 de agosto de 2004. El mismo vencía el 14 de diciembre de 2004.
Para esa fecha, sin embargo, el Ministerio Público aún no había completado la producción de los documentos solicitados, lo que tampoco hizo para el 29 de diciembre de 2004 ni para el 12 de enero de 2005, a pesar de las numerosas órdenes emitidas por el Tribunal de Primera Instancia requiriéndole hacerlo.
No fue sino el 21 de enero de 2005, varias semanas después de la expiración del término, que el Ministerio Público finalmente completó su contestación a la solicitud de descubrimiento de prueba presentada por el peticionario, entregando el informe de balística del arma ocupada, que había estado pendiente. Otros documentos, según hemos visto, también fueron entregados fuera del término, sin que el Estado hubiera intentado justificar su dilación.
En su comparecencia, el Ministerio Público plantea que el peticionario no cumplió con la orden del Tribunal del 7 de julio de 2004, que le requería reunirse con el Ministerio Público y notificar al Tribunal sobre cualquier controversia relacionada al descubrimiento de prueba.
Es cierto que, inicialmente, el peticionario no planteó que el Ministerio Público hubiera incumplido con el descubrimiento de prueba. No obstante, el peticionario levantó afirmativamente dicho planteamiento el 1ro de noviembre de 2004, más de un mes antes de que venciera el término de juicio rápido. El Ministerio Público, sin embargo, no completó su contestación a la solicitud del peticionario, sino hasta el 21 de enero de 2005, 82 días después.
El Ministerio Público alega que invitó al peticionario a pasar por Fiscalía para contestar el descubrimiento de prueba. La solicitud de descubrimiento de prueba del peticionario era bastante clara. Durante los señalamientos del 1ro de noviembre de 2004 y 29 de diciembre de 2004, se discutieron cuáles eran los documentos que faltaban por entregar. Sin embargo, el Ministerio Público no cumplió con el plazo concedido por el Tribunal, quien ordenó a dicha parte contestar el descubrimiento para el 12 de enero de 2005.
No entendemos que una solicitud de descubrimiento de prueba debidamente formulada por un acusado bajo la Regla 95 de las de Procedimiento Criminal pueda ser contestada mediante la invitación a la defensa de pasar por la Oficina del Fiscal. Es obligación afirmativa del Estado contestar el descubrimiento de prueba de manera oportuna. Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a las págs. 588-589; Pueblo v. Santa-Cruz, 149 D.P.R. a las págs. 241-242; véase, además, Pueblo v. Rosario Matos, 161 D.P.R. _ (2004), 2004 J.T.S. 7, a la pág. 527.
El Ministerio Público alega que el informe de balística no le fue entregado, sino hasta el 12 de enero de *999 2005, por lo que no pudo producirlo antes.
El juicio del presente caso, sin embargo, estuvo señalado desde hacía más de seis meses antes, para junio de 2004. El informe en cuestión era claramente pertinente para la adjudicación de la controversia. Compárese, Pueblo v. Santa-Cruz, 149 D.P.R. a las págs. 241-242.
El hecho de que la información hubiera estado en poder de la Policía u otras agencias no eximía al Ministerio Público de hacer las gestiones necesarias para obtener la misma. Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a las págs. 588-589; Pueblo v. Santa-Cruz, 149 D.P.R. a las págs. 241-242; véase, además, Pueblo v. Rosario Matos, 2004 J.T.S. 7, a la pág. 527.
No surge, sin embargo, que el Ministerio Público hubiera hecho gestión alguna para conseguir el informe antes o para apercibir a los técnicos que el caso se hallaba señalado para juicio.
El peticionario presentó su solicitud de descubrimiento de prueba el 10 de junio de 2004. La misma, sin embargo, no fue contestada de manera adecuada por el Ministerio Público.
Contrario a lo que determinara el Tribunal de Primera Instancia, la dilación provocada resultaba claramente perjudicial para el peticionario. Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a las págs. 588-589; Pueblo v. Santa-Cruz, 149 D.P.R. alas págs. 241-242.
Ante la omisión del Ministerio Público de contestar el descubrimiento, el peticionario no se encontraba en posición de entrar a la vista en su fondo los días 14 de diciembre de 2004, 29 de diciembre de 2004 y el 12 de enero de 2005. El Tribunal Supremo de Puerto Rico ha resuelto que este es el tipo de perjuicio que justifica ordenar la desestimación de un caso bajo la citada Regla 64(n). Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a las págs. 588-589; Pueblo v. Santa-Cruz, 149 D.P.R. a las págs. 241-242.
El Estado no ha intentado justificar la dilación del Ministerio Público en contestar la solicitud de descubrimiento de prueba de los peticionarios. Toda vez que la dilación en el procedimiento no ha sido justificada, entendemos que procede declarar con lugar la moción de desestimación de los peticionarios. Pueblo v. Guzmán Meléndez, 2004 J.T.S. 16, a las págs. 588-589; Pueblo v. Santa-Cruz, 149 D.P.R. a la pág. 242.
Por los fundamentos expresados, se expide el auto solicitado y se revoca la resolución recurrida. En su lugar se dicta sentencia ordenando la desestimación del proceso, bajo la Regla 64(n) de las de Procedimiento Criminal. Notifíquese de la decisión de este Tribunal por teléfono y vía facsímil, además de por la vía ordinaria.
Notifíquese inmediatamente por vía facsímil, teléfono y correo ordinario.
Lo pronúnció y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones