EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Lissy A. Espinet García<br><br>Recurrida | Certiorari<br><br>2021 TSPR 94<br><br>207 DPR \_\_\_\_ |

Número del Caso:  CC-2021-392


Fecha: 29 de junio de 2021


Tribunal de Apelaciones:

        Panel IX


Oficina del Procurador General:

        Lcdo. Fernando Figueroa Santiago
        Procurador General

        Lcdo. Javier O. Sepúlveda Rodríguez
        Subprocurador General

        Lcdo. Andrés A. Pérez Correa
        Procurador General Auxiliar


Materia: Sentencia con Opinión de conformidad y Voto particular disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.           CC-2021-0392      Certiorari

Lissy A. Espinet García

    Recurrida

SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2021.

Por estar igualmente dividido el Tribunal, se expide el auto de *certiorari* y se emite Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones en este caso.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emite una Opinión de conformidad a la cual se une el Juez Asociado señor Colón Pérez. El Juez Asociado señor Kolthoff Caraballo emite un Voto particular disidente al cual se une el Juez Asociado señor Rivera García. La Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo, Rivera García y Feliberti Cintrón declararían "Ha Lugar" el trámite expedito solicitado y emitirían una orden de mostrar causa por la cual no debíamos revocar al Tribunal de Apelaciones.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                         CC-2021-0392

Lissy A. Espinet García

    Recurrida

Opinión de conformidad que emitió la Jueza Presidenta Oronoz Rodríguez a la que se unió el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico, a 29 de junio de 2021.

La controversia que presentaba este caso se circunscribía a determinar si el Tribunal de Apelaciones se pronunció sobre una controversia académica y, por lo tanto, procedía revocar su dictamen por ser nulo. Para ello, precisaba que resolviéramos si en este caso la Sra. Lissy A. Espinet García (señora Espinet García o imputada) renunció a su planteamiento sobre violación al derecho a juicio rápido o si hubo otro cambio fáctico que derrotó la vigencia de ese planteamiento antes de que el foro apelativo intermedio se pronunciara sobre su validez. Al respecto, el Tribunal de Apelaciones resolvió que nada afectó la vigencia de la controversia, por lo que su sentencia

no era académica. Toda vez que esa determinación fue correcta, no nos correspondía intervenir con su dictamen.

I.

El Ministerio Público presentó una denuncia contra la señora Espinet García por violación al Art. 127-A del Código Penal, 33 LPRA sec. 5186a. El Tribunal de Primera Instancia halló causa probable para arresto en una vista en alzada. Tras una multiplicidad de eventos que no es necesario relatar y previo a la celebración de la vista preliminar, la señora Espinet García solicitó la desestimación por violación al derecho a juicio rápido. Particularmente, planteó que la vista preliminar no se celebró en el término de sesenta días desde la determinación de causa probable para arresto, según establece la Regla 64(n) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64. El Tribunal de Primera Instancia celebró una vista para discutir los méritos de su solicitud, tras lo cual determinó que era improcedente. La señora Espinet García solicitó reconsideración, pero el foro primario no varió su dictamen. Por consiguiente, el 25 de noviembre de 2020 la imputada presentó una petición de *certiorari* ante el Tribunal de Apelaciones para que revisara la resolución del Tribunal de Primera Instancia. Argumentó que el foro primario erró al resolver que no hubo una violación al derecho a juicio rápido. No presentó una moción en auxilio de jurisdicción junto con su recurso para que se paralizaran los procedimientos en el Tribunal de Primera Instancia.

Los procedimientos continuaron en la primera instancia judicial, la cual -a base de su determinación sobre la inexistencia de una violación al derecho a juicio rápido- pautó la celebración de la vista preliminar para los días 19 y 20 de enero de 2021. El 19 de enero de 2021 se llamó el caso para la vista preliminar. De la regrabación de la vista surge lo siguiente:

> JUEZ: [D]e los autos surge que aquí se presentó un recurso ante el Honorable Tribunal de Apelaciones, que está pendiente, no se ha resuelto, lo cual sé que ha creado confusión. Aunque, para este juez la situación de derecho y procesal es clara: el juez tiene facultad para ver el caso en tanto y en cuanto no se expida una orden de paralización. La señora fiscal me ha manifestado que esta confusión, que por ello no pudo prepararse adecuadamente y que solicita la continuación o el inicio de la vista en el día de mañana. El tribunal va a acoger dicha solicitud y vamos a continuar el asunto o vamos a comenzarlo, en el día de mañana, según programado, para la 1:30 de la tarde. […]

Luego de solicitar permiso para dirigirse al Tribunal, lo cual se le concedió, el abogado de la señora Espinet García expuso, en lo pertinente, lo siguiente:

> ABOGADO DE DEFENSA: [N]uestra posición es la siguiente: nosotros estamos listos para comenzar esta vista hoy, estamos listos para mañana también que son los dos días […] que el tribunal ordenó a la celebración de esta vista. Con relación al recurso de apelaciones, ese lo presenté yo, lo presentó la Defensa. Nosotros estamos contestes de que no hay una moción en auxilio, el caso no se ha paralizado, y nosotros estamos listos para ver esta vista hoy y mañana.

El día siguiente se celebró la vista preliminar mediante videoconferencia, en la cual el foro primario determinó no causa para acusar. El Ministerio Público solicitó una vista

preliminar en alzada, la cual se señaló para el 1 de febrero de 2021. La vista preliminar en alzada no se celebró en esa fecha. Del expediente no surge lo que aconteció allí. Así las cosas, el 26 de febrero de 2021 el Tribunal de Apelaciones expidió el *certiorari* de la señora Espinet García y revocó al Tribunal de Primera Instancia. En síntesis, concluyó que hubo una violación al derecho a juicio rápido, por lo que procedía desestimar la denuncia contra la imputada. El Pueblo de Puerto Rico solicitó reconsideración. Adujo que el Tribunal de Apelaciones debía dejar sin efecto su sentencia por ser nula, toda vez que la controversia que adjudicaba se había tornado académica antes de que se expidiera el recurso de *certiorari* y se emitiera el dictamen. Fundamentó lo anterior en el hecho de que la vista preliminar se celebró el 20 de enero de 2021, lo cual arguyó subsanó el defecto procesal que la señora Espinet García cuestionaba.

La imputada se opuso. Argumentó que el que se hubiese celebrado la vista preliminar no podía tornar académica la controversia cuando ese acto fue precisamente al que se opuso cuando solicitó la desestimación de la denuncia en su contra por violación al derecho a juicio rápido y cuando recurrió al Tribunal de Apelaciones. Planteó que, por consiguiente, el que hubiese sucedido el acto que se buscaba evitar no eliminaba la controversia, sino que la hacía aún más justiciable. Expuso que, toda vez que el Tribunal de Apelaciones había determinado que en efecto se concretó la

violación que planteó, la celebración de la vista preliminar fue violatoria a su derecho a juicio rápido. Indicó que el dictamen del foro apelativo intermedio tenía el propósito de corregir ese error al desestimar la denuncia en su contra, por lo que tenía un efecto práctico en las partes, razón por la que no era académica. Finalmente, señaló que no prestó su anuencia a que se celebrara la vista preliminar en violación a sus derechos constitucionales.

El 12 de mayo de 2021, notificada el 14 de mayo de 2021, el Tribunal de Apelaciones emitió una Resolución en la que denegó la moción de reconsideración. Sobre el planteamiento de academicidad, indicó lo siguiente:

> Es evidente que, las violaciones al derecho a un juicio rápido, demostradas en el caso, no quedaron subsanadas con la celebración de una vista preliminar el 20 de enero de 2021. No nos persuade el Pueblo de Puerto Rico, en que el evento procesal promovido por ella mientras teníamos sometido el recurso, haya convertido en académica la controversia.[1]

Inconforme, el 11 de junio de 2021 el Pueblo de Puerto Rico recurrió ante este Tribunal mediante una *Urgente solicitud de trámite expedito* y una petición de *certiorari*. En el primer escrito solicitó que su recurso se resolviera con premura, pues interesaba que ello ocurriera antes de que se señalara la vista preliminar en alzada, lo cual no había tenido lugar aún. En la petición de *certiorari* planteó que el Tribunal de Apelaciones erró al no dejar sin efecto su sentencia, a

---

[1] *Resolución* del Tribunal de Apelaciones de 12 de mayo de 2021, pág. 6. Apéndice, pág. 8.

pesar de que era académica. Reprodujo su argumento de que la sentencia era académica, pues al momento de emitirse, el presunto defecto procesal que llevó a la señora Espinet García a solicitar revisión ante el foro apelativo intermedio había desaparecido. Añadió que la Defensa no había preservado su reclamo de violación al derecho a juicio rápido, sino que lo abandonó, ya que no solicitó la paralización de los procedimientos y prestó su anuencia a que se celebrara la vista preliminar. Sobre esto último, adujo que la Defensa indicó estar preparada para la vista y no objetó su celebración, a pesar de que en ese momento tenía la oportunidad de plasmar su oposición a esos efectos.

II.

**A.   El derecho a juicio rápido**

La Constitución consagra el derecho a un juicio rápido que le cobija a toda persona acusada de cometer un delito. Art. II, Sec. 11, Const. de P.R., LPRA, Tomo 1. "El derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar todas las etapas en progresión gradual desde la imputación inicial de delito". Pueblo v. Opio Opio, 104 DPR 165, 169 (1975). En particular, "el derecho a un juicio rápido cobra vigencia desde que el imputado de delito es detenido o está sujeto a responder (*held to answer*)". Pueblo v. Rivera Santiago, 176 DPR 559, 569 (2009); Pueblo v. Valdés, 155 DPR 781, 788 (2001). A esta garantía constitucional se le dio un contenido práctico en la Regla 64(n) de Procedimiento Criminal, supra,

la cual provee para la desestimación de una denuncia o acusación cuando determinados actos procesales no se celebran en ciertos términos que la regla establece. El sub inciso (6) de la regla dispone para la desestimación de la denuncia cuando han transcurrido más de sesenta días desde la determinación de causa para arresto, sin que se hubiese celebrado la vista preliminar, en los casos que proceda celebrarla. Íd.

Ahora bien, el derecho a juicio rápido no está sujeto a la tiesa aritmética de la regla, por lo que el solo hecho de que el término que se establece allí venza sin haberse celebrado la vista preliminar, no implica que la desestimación procede automáticamente. Pueblo v. Valdés, supra, pág. 793. En cambio, es necesario evaluar varios factores que se han señalado jurisprudencialmente. Véase Pueblo v. Valdés, supra, pág. 792; Pueblo v. Santa Cruz, 149 DPR 223, 237 (1999). La aplicación de esos factores "requiere tomar en cuenta las circunstancias que rodean cada reclamo particular". Pueblo v. Santa Cruz, supra, pág. 238. Uno de esos factores es si la persona imputada o acusada ha invocado su derecho a juicio rápido oportunamente. Mediante este factor se reconoce, en parte, que el derecho a juicio rápido es renunciable. Pueblo v. Rivera Santiago, 176 DPR 559, 576 (2009). Sobre cómo y cuándo se constituye una renuncia al derecho a juicio rápido existe una multiplicidad de pronunciamientos de este Foro en diversos casos.

Uno de gran envergadura es <u>Pueblo v. Arcelay Galán</u>, 102 DPR 409 (1974). Allí, se presentó una denuncia contra el Sr. Moisés Arcelay Galán (señor Arcelay Galán). Luego de varios trámites procesales y suspensiones, el Ministerio Público solicitó que se pospusiera el juicio a base de que la perjudicada no estaba disponible para prestar testimonio. El acusado solicitó la desestimación del caso porque se le estaba violando su derecho a un juicio rápido. El foro primario denegó su moción e hizo un nuevo señalamiento para 133 días a partir de la última suspensión. Después de que se derrotara su moción, el acusado no objetó la fecha que se seleccionó. En cambio, compareció al juicio, en el que se le condenó al pago de una multa. Tras ello, el señor Arcelay Galán acudió ante este Tribunal en apelación. Argumentó que se había violado su derecho a un juicio rápido. Así, nos enfrentamos a la interrogante de si el señor Arcelay Galán había renunciado a su derecho a juicio rápido **al no objetar el nuevo señalamiento** para juicio que el foro primario hizo luego de denegar su moción de desestimación.

Resolvimos tajantemente que no hubo tal renuncia. Dijimos, sin ambages, que -al igual que se exige con relación a otros derechos fundamentales- la renuncia al derecho a juicio rápido tiene que ser **expresa, no presunta, así como voluntaria y efectuada con pleno conocimiento de causa.** <u>Pueblo v. Arcelay Galán</u>, supra, págs. 415-416. Esto lo hemos reiterado de manera consistente a través de los años. Véase <u>Pueblo v. Custodio Colón</u>, 192 DPR 567, 582 (2015); <u>Pueblo v.</u>

Rivera Santiago, supra, págs. 572-573; Pueblo v. Guzmán, 161 DPR 137, 153 (2004); Pueblo v. Valdés, supra, pág. 791; Pueblo v. Santa Cruz, supra, pág. 241.

Resolvimos, entonces, que **la moción de desestimación que el acusado radicó por violación a su derecho a un juicio rápido bastaba para invocar su derecho a un juicio rápido.** Íd., pág. 415. Indicamos que, por consiguiente, **la falta de objeción por el acusado del señalamiento que se efectuó posteriormente no constituyó una renuncia a ese derecho.** Íd. Cónsono con ello, revocamos expresamente la doctrina de Pueblo v. Martínez Vega, 98 DPR 946 (1970), donde se había resuelto que, a pesar de que el acusado objetó la suspensión del juicio, renunció a su derecho a juicio rápido, ya que no objetó el nuevo señalamiento, sino que solicitó la desestimación el día del juicio.

Posteriormente, en Pueblo v. Santi Ortiz, 106 DPR 67 (1977), resolvimos que el allí acusado renunció a su derecho a juicio rápido, ya que no objetó tres señalamientos que se hicieron con suficiente anterioridad a que expirara el término correspondiente, para fechas posteriores a su expiración; en cambio, invocó su derecho y solicitó la desestimación luego de haberse expirado el término. **Distinguimos esa situación** de la de Pueblo v. Arcelay Galán, supra, al explicar que, **aunque el señor Arcelay Galán en ese caso no consignó objeción al señalamiento que se hizo luego de expirado el término, no tenía que realizar esa objeción,**

**pues previamente había invocado su derecho a un juicio rápido**. Pueblo v. Santi Ortiz, supra, pág. 70.

Ahora bien, más adelante, en Pueblo v. Cartagena Fuentes, 152 DPR 243 (2000), reiteramos puntualmente que la renuncia al derecho a juicio rápido debe ser expresa. Pueblo v. Cartagena, supra, pág. 253. Por lo tanto, rechazamos que se hubiese constituido una renuncia al derecho a juicio rápido porque la defensa no objetó el señalamiento que se hizo para celebrar la vista preliminar fuera del término aplicable. Íd. Además, puntualizamos que previamente habíamos rechazado "la renuncia implícita que supone no invocar oportunamente el derecho a juicio rápido ante una suspensión". Íd., nota al calce núm. 9.

Tiempo después resolvimos Pueblo v. Rivera Santiago, supra, donde concluimos que la persona acusada renunció a su derecho a juicio rápido, ya que su representante legal consintió a que el juicio se celebrara fuera del término aplicable. Allí, **el abogado indicó expresamente que se allanaba a un señalamiento de juicio para una fecha posterior al vencimiento del término**, si se estipulaba que sería el último dentro del término de juicio rápido. Pueblo v. Rivera Santiago, supra, pág. 566. Concluimos que eso era prueba de **la renuncia expresa** del acusado a su derecho a juicio rápido. Íd., pág. 582.

Situaciones similares ya habían acontecido en Pueblo v. Terrón, 100 DPR 153 (1971) y Pueblo v. Tribunal Superior, 103 DPR 732 (1971), e igualmente habíamos resuelto que hubo

una renuncia al derecho a juicio rápido. En <u>Pueblo v. Terrón</u>, supra, el juicio se había suspendido en varias ocasiones. Tras una de las suspensiones, el foro primario consultó con las partes la fecha en que se podía celebrar el juicio, pues cada una de las suspensiones previas había sido atribuible al Ministerio Público o a la Defensa. El abogado de defensa indicó expresamente: "En diciembre, cualquier fecha." Además, luego de que el juez aceptara la fecha que propuso uno de los testigos de cargo, expresó: "[y] o acepto cualquier fecha que señale el Tribunal". Posteriormente, reiteró: "Yo estoy de acuerdo con la fecha". En consideración a esa situación fáctica concluimos que el acusado **renunció expresa y claramente** a invocar el derecho a juicio rápido.

De manera similar, en <u>Pueblo v. Tribunal Superior</u>, supra, en el acto de lectura de acusación el juez del foro primario solicitó al abogado de defensa que le indicara qué fecha podía celebrarse el juicio, y sugirió los meses de octubre o noviembre. La abogada de defensa contestó: "Cualquiera de las dos fechas. Prefiero para noviembre 25". Posteriormente, el acusado solicitó la desestimación de la acusación por violación al derecho a juicio rápido. Ante esos hechos, concluimos que no hubo tal violación, ya que el juicio se había señalado para una fecha posterior al vencimiento del término aplicable **con la conformidad expresa** de la Defensa.

Nótese que, en <u>Pueblo v. Rivera Santiago</u>, supra, <u>Pueblo v. Terrón</u>, supra, y <u>Pueblo v. Tribunal Superior</u>, supra, hubo algo más que la falta de objeción a un señalamiento para una

fecha posterior al vencimiento de un término de juicio rápido. En cambio, la Defensa hizo expresiones inequívocas de su conformidad o consentimiento a esos señalamientos. Esto es cónsono con lo que establece la Regla 64(n) de Procedimiento Criminal, supra, a los efectos de que la desestimación por violación al derecho a juicio rápido no procederá cuando el acusado haya consentido la dilación.

**B. La doctrina de academicidad**

Como se conoce, el principio de justiciabilidad exige que los tribunales se expresen sobre "controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". Noriega v. Hernández Colón, 135 DPR 406, 421 (1994) (citando a ELA v. Aguayo, 80 DPR 552, 558-559 (1958)). Por consiguiente, debe existir una controversia definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés antagónico. Íd.

La doctrina de academicidad es un corolario del principio de justiciabilidad, pues un caso académico no es justiciable. La razón para ello es que, al emitirse el fallo o sentencia sobre el asunto, este no tendrá efecto práctico sobre las partes. ELA v. Aguayo, supra, pág. 584. Un caso se torna académico cuando el transcurso del tiempo o el cambio en los hechos desde el momento en que se originó el caso tornan en ficticia la solución de la controversia entre las partes. Com. de la Mujer v. Srio. de Justicia, 109 DPR 715, 724-725 (1980). La doctrina de academicidad requiere que

exista una controversia genuina entre las partes durante todas las etapas de un procedimiento adversativo; esto incluye la etapa de apelación o revisión. Noriega v. Hernández Colón, supra, pág. 437.

III.

En este caso correspondía determinar si la celebración de la vista preliminar el 20 de enero de 2021, mientras pendía un recurso de *certiorari* ante el Tribunal de Apelaciones en el que se argumentaba la violación al derecho a juicio rápido, tornó académica la controversia pendiente en el foro apelativo intermedio. Además -de ello no haber tornado académica la controversia- era necesario concluir si el recurso se tornó académico por el fundamento de que la señora Espinet García renunció a su planteamiento de violación a juicio rápido al: (1) no solicitar la paralización de los procedimientos mediante una moción en auxilio de jurisdicción; (2) no objetar la celebración de la vista preliminar, y (3) señalar que estaba lista para ver la vista preliminar.

En torno a la primera de las controversias, el Pueblo de Puerto Rico argumenta que la ausencia de celebración de una vista preliminar fue lo que llevó a la señora Espinet García a recurrir al Tribunal de Apelaciones, por lo que, al haberse celebrado la vista antes de que el foro apelativo intermedio expidiera el recurso de *certiorari* y emitiera su dictamen, la controversia se tornó académica. En definitiva, no tiene razón. De entrada, el Pueblo de Puerto Rico parte de un hecho

base erróneo. Contrario a lo que plantea, la imputada no recurrió al Tribunal de Apelaciones por no haberse celebrado la vista preliminar, sino porque la vista no se celebró en un término constitucionalmente aceptable. En otras palabras, lo que adujo violentó su derecho a juicio rápido no fue que no se había celebrado la vista preliminar en sí, sino que no se celebró oportunamente.

¿Cómo entonces una vista que se celebra tiempo después de que se aduce la violación del derecho a juicio rápido puede subsanar la violación de ese derecho? La respuesta es sencilla: de ninguna forma; no puede. Simple y llanamente, la violación al derecho a juicio rápido implica que el Estado no actuó con la diligencia requerida para encausar criminalmente a una persona en un término que se ajusta a lo que establece la Constitución. Resulta ilógico concluir, entonces, que celebrar una vista meses después de que se produce tal violación puede subsanarla o desaparecerla. Si algo, lo que hace es agravarla.

Toda vez que la celebración de la vista preliminar, en sí, no tornó académica la controversia ante el Tribunal de Apelaciones, es necesario determinar si la academicidad la produjo la renuncia de la señora Espinet García a su derecho a juicio rápido. El Pueblo de Puerto Rico teoriza, primeramente, que la renuncia se produjo porque la imputada no presentó una moción en auxilio de jurisdicción para que el foro apelativo intermedio paralizara los procedimientos en el foro primario. Su contención no tiene méritos. En realidad,

no existe una correlación entre la no paralización de los procedimientos y la renuncia al derecho a juicio rápido. La señora Espinet García presentó una petición de *certiorari* ante el Tribunal de Apelaciones para revisar la denegatoria de su moción de desestimación por violación a ese derecho. Mediante ese acto, reiteró su argumento de que ocurrió tal violación. ¿Por qué entonces tendría que presentar una moción en auxilio de jurisdicción para evitar que se constituyera una renuncia a su planteamiento?

El Pueblo de Puerto Rico parece atarlo a su primer planteamiento de que la celebración de la vista preliminar torna académica la controversia sobre violación al derecho a juicio rápido. Es comprensible que, si la continuación de los procedimientos y la eventual celebración de la vista preliminar pudiesen tornar la controversia en académica, sería necesario solicitar la paralización para preservar la actualidad y vigencia de la controversia. Sin embargo, según expuse previamente, ello no es así. Además, para que haya una renuncia del derecho a juicio rápido, tiene que mediar una expresión o acto expreso a esos efectos. La renuncia no puede ser conjetural o inferida. Ante esa realidad, ¿cómo no solicitar la paralización de los procedimientos puede constituir una renuncia al argumento sobre violación al derecho a juicio rápido? Solicitar la paralización hubiese sido lo óptimo, con el fin de evitar que se invirtieran recursos y tiempo en un proceso que podía tornarse inconsecuente de revocarse la determinación del foro primario

de denegar la moción de desestimación. Sin embargo, no hacerlo no se puede equiparar con una renuncia al derecho a juicio rápido, pues no satisface ninguna de las características que debe exhibir tal renuncia.

El segundo planteamiento que el Pueblo de Puerto Rico hace en torno a la renuncia de la señora Espinet García a su planteamiento de violación al derecho a juicio rápido, es que la renuncia se concretó porque esta no objetó el señalamiento de vista preliminar para los días 19 y 20 de enero de 2021. De nuevo, no tiene razón. Cabe reiterar que la renuncia al derecho a juicio rápido tiene que ser expresa, no conjetural ni inferida. Cónsono con ello, en múltiples ocasiones hemos señalado que no objetar un señalamiento para una fecha posterior al vencimiento de un término de juicio rápido no es suficiente para que se entienda que hubo una renuncia al derecho a juicio rápido. Esto es particularmente cierto en casos como el que se encuentra ante nuestra consideración, donde previo al señalamiento de vista preliminar para los días 19 y 20 de enero, se había solicitado la desestimación por violación al derecho a juicio rápido.

La situación es en extremo similar a la de Pueblo v. Arcelay Galán, supra. Según relaté previamente, allí el acusado solicitó la desestimación del caso por violación del derecho a juicio rápido. El foro primario denegó su solicitud. Además, realizó un nuevo señalamiento. El acusado no lo objetó, sino que compareció al juicio, el cual se celebró con un resultado desfavorable al señor Arcelay Galán. Nos

preguntamos si el no haber objetado el nuevo señalamiento constituyó una renuncia al derecho a juicio rápido. Resolvimos con claridad que no, pues esa no era una renuncia expresa del derecho, según lo requiere el ordenamiento. Posteriormente, en Pueblo v. Santi, supra, señalamos que el señor Arcelay Galán no tenía que objetar el nuevo señalamiento, ya que había invocado previamente su derecho a juicio rápido. Esos hechos son comparables a los de este caso.

Aquí la señora Espinet García invocó su derecho a juicio rápido al solicitar la desestimación de la denuncia en su contra antes de que se celebrara la vista preliminar. El foro primario no favoreció su planteamiento y, en conformidad con ello, señaló la vista preliminar para los días 19 y 20 de enero de 2021. Al llegar esas fechas, la imputada compareció a las vistas, como correspondía. Según lo que resolvimos en Pueblo v. Arcelay Galán, supra, el no objetar ese nuevo señalamiento y comparecer a las vistas no constituyó una renuncia del derecho a juicio rápido. La señora Espinet García ya había invocado su derecho a juicio rápido y no necesitaba reiterarlo. Máxime cuando, tiempo antes de que llegara el día del señalamiento recurrió al Tribunal de Apelaciones en revisión mediante certiorari, el cual se encontraba pendiente de adjudicación cuando se celebraron las vistas.

Aun si asumiéramos, solo para propósitos argumentativos, que, como regla general, una persona imputada tiene que objetar la celebración de una vista que se señaló fuera de término para que su derecho a juicio rápido no se entienda

renunciado, esa exigencia no se justificaba en este caso. La realidad es que, toda vez que el foro apelativo intermedio no había expedido el recurso de *certiorari* ni ordenado la paralización de los procedimientos cuando llegó la fecha de la vista preliminar, el Tribunal de Primera Instancia tenía jurisdicción para celebrarla. Hasta ese momento, el dictamen que servía de base para llevar a cabo la vista -entiéndase, la denegatoria de la moción de desestimación- no se había revocado. Por consiguiente, no procedía objetar la celebración de la vista preliminar, ya que el Tribunal estaba actuando con jurisdicción, en conformidad con una determinación que estaba vigente. La señora Espinet García no tenía fundamentos para oponerse a que se celebrara la vista. Tampoco podía dejar de comparecer, pues se arriesgaba a que la vista se llevara a cabo sin que ella estuviese presente. De ahí que pueda decirse que la no objeción o su comparecencia a la vista se debían entender como una renuncia a los argumentos que estaban pendientes de adjudicación en el Tribunal de Apelaciones.

En tercer y último lugar, el Pueblo de Puerto Rico plantea que la imputada renunció a su derecho a juicio rápido porque en la vista de 19 de enero de 2021 indicó que estaba preparada para celebrar la vista preliminar. Arguye que, de esa forma, la señora Espinet García prestó su anuencia a que se celebrara la vista preliminar, a pesar de que estaba pendiente su recurso de *certiorari*. Tampoco tiene razón. Es cierto que hemos dicho que el derecho a juicio rápido se puede

entender renunciado si la persona acusada o imputada consiente expresamente a que se celebre una vista fuera de los términos que establece la Regla 64(n) de Procedimiento Criminal, supra. Sin embargo, las expresiones que alegadamente revelan el consentimiento de la persona acusada o imputada se deben contextualizar.

En este caso, cuando comenzó la vista del 19 de enero de 2021, el juez que la presidía hizo constar que del expediente surgía que había un recurso de *certiorari* pendiente en el Tribunal de Apelaciones. Señaló, además, que sabía que ello había causado confusión, pero para él la situación procesal era clara: tenía facultad para celebrar la vista preliminar siempre y cuando no hubiese una orden de paralización. También indicó que **el Ministerio Público había solicitado la posposición de la vista para el día siguiente, ya que no estaba preparado. En reacción a lo anterior**, el representante legal de la señora Espinet García indicó que estaba listo para comenzar la vista ese día y continuarla el día siguiente. El propósito de su aseveración, según se puede colegir del contexto en que se dio, fue dejar claro para el récord que, a diferencia del Ministerio Público, la Defensa estaba preparada para celebrar la vista, por lo que la dilación que ello provocaba no le era atribuible.

Nótese que, de no haber prevalecido en su contención ante el Tribunal de Apelaciones, la señora Espinet García pudo haber invocado la violación al derecho a juicio rápido nuevamente, de haber acontecido dilaciones injustificadas con

posterioridad por razones que no se le podían atribuir. Al expresar que estaba lista para comenzar la vista preliminar, a pesar de que el Ministerio Público no lo estaba, encaminaba un posible argumento a esos efectos. Luego, la Defensa reiteró que estaba lista para celebrar la vista preliminar, tras indicar que estaba conteste con que no había una orden de paralización. En otras palabras, reconoció que, como los procedimientos no se habían paralizado, el Tribunal de Primera Instancia tenía facultad para celebrar la vista. Siendo ello así, estaba lista para celebrar la vista, en contraposición al Ministerio Público, que no lo estaba. Cabe añadir que, a pesar de que la Defensa mencionó expresamente el recurso de *certiorari* pendiente ante el Tribunal de Apelaciones, nunca indicó que desistía o desistiría de él al no haberse paralizado los procedimientos o porque la vista preliminar se celebraría el día siguiente. Por consiguiente, si se toma en consideración el contexto en que se dieron las expresiones de la Defensa sobre que estaba preparada para la vista, se puede concluir que estas no constituyeron una renuncia al derecho a juicio rápido por consentimiento expreso a un señalamiento para luego de transcurrido el término aplicable.

Ante todo lo expuesto previamente, se impone la conclusión de que la señora Espinet García no renunció a su planteamiento sobre violación al derecho a juicio rápido, lo que hubiese tenido el efecto de tornar académica la controversia ante el Tribunal de Apelaciones. De igual forma,

la celebración de la vista preliminar, en sí, tampoco tornó académica la controversia. En cambio, el Tribunal de Apelaciones se pronunció sobre una controversia viva y real, con efecto jurídico sobre las partes, según lo resolvió ese foro en la Resolución que emitió el 12 de mayo de 2021. Cabe aclarar que los trámites que se llevaron a cabo en el foro primario antes de que el foro apelativo intermedio expidiera el recurso de *certiorari* y emitiera su dictamen se hicieron con jurisdicción. Sin embargo, ante la revocación por el tribunal apelativo intermedio del dictamen que dio paso a la continuación de los procedimientos -la denegatoria de la moción de desestimación- todo lo que ocurrió con posterioridad a ello -que sea incompatible con determinación del foro revisor- pierde efecto jurídico. En otras palabras, la revocación del dictamen del foro primario tornó inoficiosos los procesos que se llevaron a cabo a base de la determinación que el foro revisor revocó posteriormente.

Por eso, contrario a lo que se postula en el *Voto particular disidente*, una vez devuelto el mandato al Tribunal de Primera Instancia, ese foro no tendrá más opción que proceder en conformidad con lo que dictaminó el Tribunal de Apelaciones. Aunque tenía jurisdicción para celebrar la vista preliminar de 20 de enero de 2021, su determinación de no causa para acusar quedó sin efecto al revocarse el dictamen que sirvió de base para celebrar la vista. La sentencia del foro apelativo intermedio, tribunal de mayor jerarquía que el

Tribunal de Primera Instancia, prevalece sobre cualquier dictamen del foro primario que sea incompatible.

Para recapitular, resultaba improcedente dejar sin efecto la Sentencia del Tribunal de Apelaciones bajo el fundamento de academicidad. En cambio, en vista de que el Pueblo de Puerto Rico se limitó a argumentar que el dictamen recurrido es académico, sin cuestionar sus méritos[2], no había razones que justificaran nuestra intervención.


                              Maite D. Oronoz Rodríguez
                                   Jueza Presidenta

---

[2] Entiéndase, la determinación del Tribunal de Apelaciones de que hubo una violación al derecho a juicio rápido.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

    v.               CC-2021-0392      Certiorari

Lissy A. Espinet García

    Recurrida

Voto particular disidente emitido por el Juez Asociado señor Kolthoff Caraballo al cual se une el Juez Asociado señor Rivera García.

En San Juan, Puerto Rico, a 29 de junio de 2021.

Este Tribunal ha dejado pasar la oportunidad de revisitar la doctrina de la renuncia al derecho a juicio rápido vigente en nuestra jurisdicción. Además, de aclarar el efecto de la celebración de la vista preliminar con la anuencia del abogado de defensa de la imputada de delito, a pesar de la pendencia de un *certiorari* no expedido cuyo reclamo era precisamente la violación a tal derecho por no haberse celebrado la vista en el término. Considero que este caso debió ser expedido para analizar las consecuencias de la presentación de un recurso sin que la parte promovente hubiese solicitado la

paralización de los procedimientos en el Tribunal de Primera Instancia ni que el Tribunal de Apelaciones la hubiese ordenado *motu proprio* para hacer efectiva su jurisdicción el día que resolviera en sus méritos el *certiorari* sobre la presunta violación al término de sesenta días dispuesto estatutariamente para la celebración de la vista preliminar.

Por ser del criterio de que la determinación recurrida fue emitida sin jurisdicción por academicidad, ante la anuencia de la imputada a la celebración de la vista preliminar fuera de término, y también por ser contraria a derecho porque la fecha señalada para la celebración de la vista preliminar que llevó al reclamo de la presunta violación al derecho a juicio rápido fue sugerida previamente por el abogado de la defensa, me veo precisado a emitir este voto particular disidente.

I.

El 19 de julio de 2017 el Ministerio Público presentó una denuncia en contra de Lissy A. Espinet García por maltrato a personas de edad avanzada, delito estatuido en el artículo 127-A del Código Penal de Puerto Rico de 2012.[3] En la vista al amparo de la Regla 6 de Procedimiento Criminal,[4] el Tribunal de Primera Instancia determinó no causa probable para arresto a base de la denuncia.

---

[3] CÓD. PEN. PR art. 127-A, 33 LPRA § 5186a.

[4] R.P. CRIM. 6, 34 LPRA Ap. II.

Inconforme, el Ministerio Público solicitó una vista de causa probable en alzada. Al no localizar a la investigada, el 2 de febrero de 2018 presentó la denuncia en ausencia. En esta ocasión, el tribunal de instancia determinó causa probable, ordenó el arresto de la imputada de delito e impuso una fianza de $25,000. Sin embargo, la orden de arresto no pudo ser diligenciada hasta el 13 de diciembre de 2019. En ese momento, la imputada fue llevada ante el magistrado y, con la intervención de una compañía privada, prestó la fianza impuesta para ser puesta en libertad con supervisión electrónica y determinadas condiciones restrictivas.

El primer señalamiento para la vista preliminar fue el 30 de diciembre de 2019, pero como el Ministerio Público no estaba preparado hubo un reseñalamiento para el 23 de enero de 2020. Llegado el día, la defensa alegó no estar preparada para atender el caso y hubo otro señalamiento para el 24 de febrero de 2020. En este segundo reseñalamiento, la defensa también adujo que no estaba preparada. El tercer reseñalamiento fue para el 26 de marzo de 2020, no obstante, el cierre gubernamental motivado por la pandemia del COVID-19 impidió la celebración de la vista preliminar pendiente.

Reanudadas las labores con las medidas de prevención contra el COVID-19, el 21 de agosto de 2020 el Tribunal de Primera Instancia *motu proprio* emitió una orden para dejar sin efecto el señalamiento de 26 de marzo

de 2020 y celebrar una vista de estado de los procedimientos el 16 de septiembre de 2020. Esta determinación fue notificada el 9 de septiembre de 2020.[5] No obstante, mediante urgente moción de 26 de agosto de 2020, el Ministerio Público solicitó, sin éxito, que la vista preliminar fuere señalada para una fecha previa al 15 de septiembre de 2020.[6]

El día de la vista por videoconferencia, y específicamente el 16 de septiembre de 2020, por un retraso en el calendario judicial, la defensa se excusó con el Tribunal porque presuntamente vencería el tiempo que tenía la imputada para estar fuera de su hogar. Tras sugerir tres fechas posteriores, la vista fue señalada para el 2 de octubre de 2020. Sobre lo sucedido en esta fecha, el abogado de la defensa explicó:

> 8. Como el Tribunal de Primera Instancia nos dejó esperando dos horas y media en el lobby virtual sin atendernos el 16 de septiembre de 2020, a la 10:00 am y mi cliente se quedaría en mi oficina luego de vencerse la hora asignada por el sistema de grillete, se lo informamos virtualmente al Tribunal y se nos respondió por escrito que sugiriésemos tres (3) fechas alternas, cosa que hicimos. Se señaló para el 2 de octubre de 2020.[7]

No obstante, el 28 de septiembre de 2020 la imputada de delito solicitó la desestimación de la acción penal en su contra al amparo de la Regla 64(n)(6) de

---

[5] *Apéndice del recurso*, págs. 94-95.

[6] *Íd.*, pág. 141.

[7] *Íd.*, pág. 100.

Procedimiento Criminal, es decir, por no haberse celebrado la vista preliminar dentro de sesenta días.[8] Esto fueran los días contados a partir del 24 de febrero de 2020 o desde el 15 de julio de 2020, fecha hasta la que este Tribunal extendió los términos vencidos durante el cierre gubernamental por la pandemia.

Recordemos que mediante la *Resolución EM-2020-12*, emitida el 22 de mayo de 2020, expresamos que "cualquier término que venza durante las fechas de 16 de marzo de 2020 hasta el 14 de julio de 2020, se extenderá hasta el miércoles, 15 de julio de 2020. Esta determinación aplica a cualquier plazo instruido por orden judicial que venza entre estas fechas".[9]

Ante la solicitud, el 2 de octubre de 2020 el Tribunal de Primera Instancia escuchó los argumentos de las partes, denegó la desestimación de la acción penal y señaló la vista preliminar pendiente para el 26 de octubre de 2020. Posteriormente, y en específico el 12 de octubre de 2020, la defensa de la imputada solicitó la reconsideración o que la determinación fuera notificada por escrito para recurrir de la denegatoria ante el Tribunal de Apelaciones.

Según peticionado, el 23 de octubre de 2020 el Tribunal de Primera Instancia emitió la correspondiente *Resolución*, la cual fue notificada el 6 de noviembre

---

[8] 34 LPRA Ap. II, R 64(n).

[9] In re Med. Jud. por COVID-19 VIII, 204 DPR 317, 319 (2020).

de 2020. Como mencioné, en este dictamen el tribunal primario denegó la solicitud de desestimación, dado que por motivo de la pandemia los términos que vencieran durante el cierre fueron extendidos hasta el 15 de julio de 2020. Entendió el juzgador, en esencia, que el perjuicio alegado por la imputada de delito no fue específico dado que la población tuvo que estar en confinamiento y que cualquier demora por la reducción operacional de los tribunales no fue intencional ni opresiva, estaba debidamente justificada en la emergencia de salud pública. Además, la demora en celebrar la vista preliminar contó con el consentimiento expreso de la defensa de la imputada hasta el 28 de septiembre de 2020, fecha en la que invocó por primera vez la presunta violación al derecho a juicio rápido.

Según anunciado, la defensa de la imputada de delito recurrió ante el Tribunal de Apelaciones mediante *certiorari* presentado el 25 de noviembre de 2020. Sin embargo, el recurso no incluyó una solicitud de auxilio de jurisdicción para paralizar los procedimientos pendientes ante el tribunal primario como tampoco lo hizo el tribunal apelativo a iniciativa propia. Evaluado el recurso, por *Resolución* notificada el 15 de diciembre de 2020, el Tribunal de Apelaciones concedió diez días a la Oficina del Procurador General para expresar su posición, lo cual cumplió luego de una prórroga el 19 de enero de 2021.

Entre tanto, el Tribunal de Primera Instancia pautó la vista preliminar para el 19 y 20 de enero de 2021. Considero importante pormenorizar lo sucedido el primer día señalado, según surge de la regrabación de los procedimientos. El 19 de enero de 2021, el juez llamó el caso para ver la vista preliminar señalada para ese día y el siguiente. Mencionó que surgía de los autos que existía un recurso pendiente ante el Tribunal de Apelaciones, lo que había causado confusión en el Ministerio Público. No obstante, el juez explicó que la situación de derecho y procesal era clara en cuanto a que tenía facultad para atender el caso en tanto y en cuanto no se expidiera una orden de paralización. Así, el tribunal primario acogió la solicitud del Ministerio Público de ver la vista el siguiente día porque no estaba preparado.[10]

Luego de que el juez dispuso de la referida solicitud, la defensa pidió un turno para expresar su posición. Manifestó que estaba lista para comenzar la vista ese día o el siguiente, que eran los dos días ordenados por el Tribunal para su celebración.[11] Con relación al recurso de apelaciones presentado, la defensa expresó: "estamos conteste que no hay una moción en

---

[10] *Apéndice del recurso*, pág. 142 (ver minutos 2:45 a 3:24 del CD de regrabación de los procedimientos).

[11] *Íd.* (ver minutos 4:35 a 4:48).

auxilio, el caso no se ha paralizado **y nosotros estamos listos para ver esta vista hoy y mañana"**.[12]

Así, el 20 de enero de 2021 el Tribunal de Primera Instancia celebró la vista preliminar y el juzgador no encontró causa probable para acusar y enjuiciar a la imputada por el delito de maltrato a personas de edad avanzada. Ese día, el Ministerio Público solicitó el señalamiento de una vista preliminar en alzada, la cual fue pautada para el 1 de febrero de 2021, tras haber consultado con las partes las fechas hábiles para celebrarla. No surge del expediente ante nuestra consideración lo que sucedió en esta fecha.

Sin embargo, el 26 de febrero de 2021 el Tribunal de Apelaciones emitió la *Sentencia* para expedir el recurso pendiente desde el 25 de noviembre de 2020, revocar al tribunal primario y desestimar la denuncia instada por el Ministerio Público en contra de la señora Espinet García por violación al término dispuesto en la Regla 64(n)(6) de Procedimiento Criminal para la celebración de la vista preliminar. La *Sentencia* fue notificada el 3 de marzo de 2021.

Ante tal determinación, el 11 de marzo de 2021 la defensa de la imputada presentó una moción ante el foro apelativo para solicitar que se ordenara al Tribunal de Primera Instancia a dar por concluido los procedimientos

---

[12] *Íd.* (ver minutos 4:48 a 5:02)(énfasis suplido).

por falta de jurisdicción para celebrar la vista preliminar en alzada solicitada por el Ministerio Público.

En la *Moción*, la defensa hizo constar que el 5 de marzo de 2021 solicitó al tribunal primario que se abstuviera de continuar con los procedimientos por entender que la *Sentencia* de 26 de febrero de 2021 lo había privado de jurisdicción y que dejara sin efecto el señalamiento pautado para el 9 de marzo de 2021. Sin embargo, el tribunal primario celebró una extensa vista de estado de los procedimientos donde examinó la referida determinación apelativa y entendió que no incidía en su jurisdicción por la falta de paralización durante la evaluación del recurso de *certiorari* y la celebración de la vista preliminar que permitía el procedimiento en alzada.

Por otra parte, el 9 de marzo de 2021 el Procurador General solicitó al Tribunal de Apelaciones la reconsideración de la determinación, así como la desestimación del *certiorari* por académico. El 17 de marzo de 2021 la defensa presentó su oposición a la solicitud del Procurador General y el Tribunal de Apelaciones concedió a este último un plazo para que expresara por qué no debía acoger la moción de la imputada como una solicitud de auxilio y paralizar los procedimientos llevados en el tribunal de instancia respecto a la vista preliminar en alzada. El Procurador cumplió con la orden y el Tribunal de Apelaciones emitió una *Resolución* para

ordenar a primera instancia a remitir la regrabación de la vista preliminar celebrada el 20 de enero de 2021.

Mediante una *Resolución* de 12 de mayo de 2021, el foro apelativo entendió que luego de expedido el recurso de *certiorari* y emitida la *Sentencia* de 26 de febrero de 2021, y mientras no se hubiese remitido el mandato, cualquier actuación del tribunal primario era nula y carente de eficacia jurídica. Por lo tanto, declinó reconsiderar o desestimar el recurso, según requirió el Procurador General, por los siguientes fundamentos:

> Ahora bien, es menester destacar, además, que, en el recurso de título, la parte peticionaria no solicitó una orden reclamando el auxilio de este foro para paralizar los procedimientos en el Tribunal de Primera Instancia. No lo hizo al momento de instar su Petición de *Certiorari* ni después de haber presentado su recurso. Lo cierto es que, sorprende que no lo hiciera. Así también, nos resultan sorprendentes las actuaciones del Pueblo de Puerto Rico de proseguir con los trámites de vista preliminar obviando la controversia que estaba sometida ante nuestra consideración. Y más aún, que ninguna de las partes haya actuado diligentemente alertando a esta Segunda Instancia Judicial que se había celebrado la vista preliminar.

> Por tener ante nuestra consideración un recurso debidamente perfeccionado, lo adjudicamos de manera oportuna y emitimos nuestra Sentencia. Consignamos en esta, nuestras consideraciones para concluir que hubo violaciones al debido proceso de ley que ampara a la aquí peticionaria; violaciones que justificaron revocar el dictamen recurrido que denegó la Moción de Desestimación. Por ello, decretamos la desestimación de la denuncia que imputó infracción al Artículo 127 A del Código Penal. Es evidente que, las violaciones al derecho a un juicio rápido, demostradas en el caso, no quedaron subsanadas con la celebración de una vista preliminar el 20 de enero de 2021. No nos persuade el Pueblo de Puerto Rico, en que el evento procesal promovido por ella mientras

teníamos sometido el recurso, haya convertido en académica la controversia.[13]

En tanto, el 25 de mayo de 2021 la defensa de la imputada compareció ante el Tribunal de Apelaciones para solicitar el auxilio de jurisdicción y sanciones por desacato por la continuación de los procedimientos ante el Tribunal de Primera Instancia. En particular, porque, a pesar de la desestimación ordenada por el apelativo y la falta de remisión del correspondiente mandato, el Tribunal señaló una vista preliminar en alzada para el 21 de mayo de 2021, la cual fue convertida en una de estado de los procedimientos. La referida solicitud fue denegada porque el foro apelativo entendió que cualquier dictamen ulterior no podría ser revisado en el recurso resuelto el 26 de febrero de 2021.[14]

Inconforme, el pasado 11 de junio de 2021 el Procurador General compareció ante este Tribunal e imputó error al tribunal apelativo al negarse a desestimar por académico el recurso presentado por la defensa o dejar sin efecto la sentencia emitida sin jurisdicción. En particular, formuló los siguientes señalamientos de error:

> ERRÓ EL TRIBUNAL DE APELACIONES AL HABER DESESTIMADO UNA DENUNCIA POR VIOLACIÓN A LOS TÉRMINOS DE JUICIO RÁPIDO, POR EL FUNDAMENTO DE NO HABERSE CELEBRADO LA VISTA PRELIMINAR DENTRO DEL TÉRMINO DE SESENTA DÍAS DESDE LA DETERMINACIÓN DE CAUSA PROBABLE EN CONTRA DE LA RECURRIDA, AUN CUANDO LA DEFENSA DE LA RECURRIDA EXPRESÓ EL DÍA DE LA VISTA PRELIMINAR QUE ESTABA PREPARADA PARA ATENDER ESA VISTA, CONSTITUYENDO ESTE HECHO UN ABANDONO AL RECLAMO DE VIOLACIÓN DE TÉRMINOS DE

---

[13] *Apéndice del recurso*, págs. 7-8.

[14] *Íd.*, pág. 133.

JUICIO RÁPIDO, AUN CUANDO ESTABA PENDIENTE DE ADJUDICACIÓN ANTE EL TRIBUNAL DE APELACIONES UNA CONTROVERSIA SOBRE VIOLACIÓN A LOS TÉRMINOS DE JUICIO RÁPIDO.

ERRÓ EL TRIBUNAL DE APELACIONES AL NO HABER RECONSIDERADO SU SENTENCIA, AUN CUANDO TUVO ANTE SU CONSIDERACIÓN EL HECHO DE QUE SE CELEBRÓ LA VISTA PRELIMINAR *ANTES* DE QUE EXPIDIERA EL RECURSO Y DICTARA SU SENTENCIA, DEBIDO A QUE NUNCA SE PARALIZARON LOS PROCEDIMIENTOS ANTE EL TRIBUNAL DE PRIMERA INSTANCIA, LO QUE TORNÓ LA CONTROVERSIA EN ACADÉMICA.

Este recurso fue acompañado con una *Urgente solicitud de trámite expedito* dado que el caso tenía un señalamiento de vista de estado de los procedimientos el 14 de junio de 2021. Siendo en este caso el interés del Procurador General que la controversia planteada en la *Petición de certiorari* fuera atendida en sus méritos antes del señalamiento de la vista preliminar en alzada, a fin de disipar la incertidumbre jurídica creada por los dictámenes encontrados de los foros inferiores.

II.

**A. Derecho a juicio rápido**

El derecho constitucional a juicio rápido es activado desde la determinación de causa probable para arresto o citación por parte de un magistrado, es decir, desde que una persona es llamada a responder por la comisión de un delito.[15] Ahora bien, el derecho a juicio rápido no es absoluto ni opera en un vacío. Por lo tanto, puede ser compatible con cierta tardanza o demora

---

[15] Emda. VI, Const. EE.UU., LPRA, Tomo 1, Ed. 2016, pág. 198; Art. II, Sec.11, Const. ELA, LPRA, Tomo 1, ed. 2016, pág. 354; Pueblo v. García Vega, 186 DPR 592, 607 (2012); Pueblo v. García Colón I, 182 DPR 129, 141 (2011).

justificada o puede ser consentida por el acusado o imputado de delito en el procesamiento criminal.[16]

Como ha expresado este Tribunal: "La frase juicio rápido es un concepto constitucional, entre tantos otros, de contenido determinado en parte y en parte variable o flexible".[17] El análisis del derecho "tiene que atemperarse a las realidades y circunstancias de cada caso".[18]

Esta protección constitucional ha sido implementada estatutariamente a través de la Regla 64(n) de Procedimiento Criminal. En lo pertinente al caso que nos ocupa, esta disposición establece que la moción para desestimar puede basarse en que haya habido una demora de más de sesenta días en la celebración de la vista preliminar, "a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento".[19]

Sin embargo, los plazos estatuidos en la *Regla 64(n)* no son fatales y son perfectamente renunciables.[20] En el análisis de la renuncia y la justa causa de alguna

---

[16] *García Vega*, 186 DPR en la pág. 610.

[17] Pueblo v. Arcelay Galán, 102 DPR 409 (1974). *Veáse, ademas*, Pueblo v. Carrión, 159 DPR 633, 640 (2003); Pueblo v. Valdés et al., 155 DPR 781 (2001).

[18] Pueblo v. Custodio Colón, 192 PDPR 567, 591(2015).

[19] 34 LPRA Ap. II, R. 64(n)(6).

[20] *García Vega*, 186 DPR en la pág. 610.

demora es necesario tener presente que al acusado no siempre le interesa un juicio rápido. No puede obviarse la realidad de que un caso inicialmente fuerte a favor del Ministerio Público puede debilitarse por el mero transcurso del tiempo.[21] Esto por el "deterioro de la evidencia por la indisponibilidad de testigos —ausencia, desaparición o muerte— y pérdida de la memoria sobre hechos esenciales".[22]

En *Pueblo v. Martínez Vega* (1970), resaltó que, aunque el acusado se opuso a la suspensión de la vista, no objetó el nuevo señalamiento ni hizo solicitud alguna para que se adelantara la fecha por exceder los términos a juicio rápido. Este Tribunal estimó entonces que, a la luz de la totalidad de las circunstancias, el acusado había renunciado implícitamente al derecho a la celebración de un juicio rápido.[23]

Luego fue resuelto *Pueblo v. Delgado Terrón* (1971) donde fue denegada la desestimación porque la defensa aceptó la fecha del señalamiento fuera del vencimiento del término. El Tribunal entendió que la aceptación de la fecha constituyó una renuncia clara y expresa al derecho a solicitar la desestimación por violación a los términos de juicio rápido.[24]

---

[21] Jiménez Román v. Tribunal Superior, 98 DPR 874, 881 (1970).

[22] Pueblo v. Rivera Navarro, 113 DPR 642, 646 (1982).

[23] Pueblo v. Martínez Vega, 98 DPR 946, 951-52 (1970).

[24] Pueblo v. Delgado Terrón. 100 DPR 153, 155-56 (1971).

En *Pueblo v. Arcelay Galán*, resuelto el 11 de septiembre de 1974, este Tribunal revocó expresamente la doctrina de *Martínez Vega* (1970). Entonces, pareció ser categórico al considerar que las renuncias al derecho a juicio rápido, como las renuncias a otros "derechos constitucionales fundamentales[,] deben ser expresas y no presuntas, así como voluntarias y efectuadas con pleno conocimiento de causa".[25] Resolvió entonces que la no objeción a la celebración del juicio con posterioridad a la presentación de una moción de desestimación por vencimiento de los términos, derrotada previo al señalamiento, no constituyó una renuncia al planteamiento de violación al derecho a juicio rápido.

Sin embargo, a pocos meses de tal expresión, y específicamente el 23 de abril de 1975, este Tribunal resolvió el caso de *Pueblo v. Tribunal Superior* donde revocó la desestimación por la alegada violación a los términos de juicio rápido. Retomó el concepto del consentimiento del acusado a la demora porque la defensa fue quien sugirió la fecha fuera del vencimiento de los términos. Este Tribunal expresó que **"la renuncia a juicio rápido necesariamente <u>no</u> [debe] tener las salvaguardas exigidas para otras garantías constitucionales".**[26]

---

[25] *Arcelay Galán*, 102 DPR en las págs. 415-416.

[26] Pueblo v. Tribunal Superior, 103 DPR 732, 733-734 (1975) (énfasis suplido).

Además, ante un reclamo de una violación al derecho a juicio rápido, en *Pueblo v. Santi Ortiz* (1977) este Tribunal dio un tratamiento esencialmente negativo a lo resuelto en *Arcelay Galán*.[27] Resolvió que la falta de oposición del acusado a un señalamiento para una fecha posterior al vencimiento del término estatutario constituyó una renuncia al derecho a un juicio rápido. El razonamiento expuesto fue que el acusado que desea proteger su derecho a un juicio rápido tiene la obligación de objetar cualquier señalamiento para una fecha posterior al término establecido por ley y proceder luego a presentar una moción de desestimación.

Según *Santi Ortiz*, lo expresado en *Arcelay Galán* fue en el contexto de que, ante una moción de suspensión por parte del Ministerio Público, el acusado presentó su oposición e invocó su derecho a juicio rápido, pero el juzgador concedió la suspensión. Esto es distinguible al silencio del acusado a los distintos señalamientos para una fecha posterior al plazo de 120 días. El silencio no obedeció a una inadvertencia porque el acusado Santi Ortiz estaba representado por un abogado. Citamos las expresiones de este Tribunal en *Santi Ortiz* sobre la renuncia por silencio y pasividad:

---

[27] El juez presidente Trías Monge disintió de lo resuelto en esta ocasión por la mayoría del Tribunal por considerar que estaba reñido con la norma establecida en *Arcelay Galán* que, a su vez, había revocado la doctrina de renuncia al juicio rápido de *Martínez Vega*. Pueblo v. Santi Ortiz, 106 DPR 67, 71 (1977).

Las circunstancias en el caso que ahora consideramos sugieren poderosamente que el silencio del acusado a los distintos señalamientos, todos para una fecha posterior al plazo de 120 días, no obedeció a una inadvertencia. Por ser esencial para el descargo adecuado de sus funciones, los abogados en la práctica criminal están atentos a los señalamientos, especialmente para invocar los términos que puedan favorecerlos. **Al percatarse un abogado de que el nuevo señalamiento viola el plazo de 120 días y <u>permanecer callado</u> para luego invocarlo para beneficio de su cliente habiéndose vencido el plazo, <u>es una estratagema que no debe derrotar el derecho del Estado a que se le celebre juicio al acusado</u>**. En el caso de autos, el acusado debidamente representado por abogado, no objetó a tres señalamientos hechos con suficiente anterioridad, todos para fechas posteriores al vencimiento del plazo de 120 días. **Su pasividad, en tales circunstancias, es más que una renuncia tácita a ser juzgado en 120 días. <u>Fue voluntaria y efectuada con pleno conocimiento de causa</u>**. No se violó, por tanto, su derecho a juicio rápido.[28]

En *Pueblo v. Rivera Tirado* (1986) reiteramos que la falta de objeción oportuna a las suspensiones injustificadas puede constituir, en unión a otros factores a ser considerados, un impedimento para invocar exitosamente en apelación la infracción del derecho a un juicio rápido. Bajo la situación fáctica que presentaba el caso, este Tribunal estimó que el acusado no estaba ajeno a las suspensiones o posposiciones decretadas ni que su abogado hubiese accedido a las demoras sin informárselo. Los autos del caso reflejaron que nunca presentó alguna objeción u oposición a las suspensiones decretadas y eso le impedía invocar el planteamiento de violación al derecho a juicio rápido por primera vez en apelación.[29]

---

[28] *Santi Ortiz*, 106 DPR en las págs. 70-71(énfasis suplido).

[29] Pueblo v. Rivera Tirado 117 DPR 419, 437-38 (1986).

De igual modo, en *Pueblo v. Rivera Arroyo* (1987), aunque se mencionó lo resuelto en *Arcelay Galán,* a los efectos de que por tratarse de un derecho fundamental la renuncia al derecho a juicio rápido "debe ser expresa y no presunta, voluntaria y efectuada con pleno conocimiento de causa", el Tribunal también validó los pronunciamientos, de *Pueblo v. Reyes Herrans*[30] y *Santi Ortiz*. En particular, reiteró la doctrina de que el acusado renuncia a su derecho a juicio rápido si no presenta objeción a un señalamiento de vista para una fecha posterior al vencimiento de los términos vigentes estatuidos en la Regla 64(n) de Procedimiento Criminal. De igual forma, reiteró que el acusado renuncia a su derecho a juicio rápido si no presenta la moción de desestimación al efecto correspondiente el día de la vista que deba hacer valer el reclamo.[31]

Recientemente, este Tribunal ha reiterado que el derecho a juicio rápido se invoca oportunamente cuando se hace antes de que venzan los términos y que de no hacerlo puede entenderse renunciado; así como que, en todo caso,

---

[30] En este caso la vista señalada para nuevo juicio fue pospuesta sin sin oposición de la defensa y el Tribunal hizo referencia a lo resuelto por el Tribunal Supremo de California a los efectos de que "[l]a única obligación que la ley impone a un acusado para proteger su derecho a un juicio rápido consiste en presentar objeción cuando su juicio ha sido fijado para una fecha posterior al período establecido por ley y entonces proceder a presentar una moción de desestimación una vez dicho período haya expirado, o simplemente presentar una moción de desestimación si el período establecido por ley expira sin que se haya fijado la fecha del juicio". Pueblo v. Reyes Herrans, 105 DPR 658, 663 (1977).

[31] Pueblo v. Rivera Arroyo, 120 DPR 114, 120 (1987).

corresponde al acusado probar el perjuicio que le ha ocasionado la alegada demora o tardanza.

En *Pueblo v. Rivera Santiago* (2009) recopilamos las expresiones previas sobre la renuncia al derecho a juicio rápido. Si bien reconocimos que antes hemos expresado que la renuncia a un derecho fundamental "debe ser expresa y no presunta, voluntaria y efectuada con pleno conocimiento de causa. […] De igual forma, [que] **el acusado renuncia a su derecho a juicio rápido <u>si no presenta</u> una moción de desestimación al efecto correspondiente <u>el día de la vista en que debe hacer valer su derecho</u>**".[32] Con esto, es claro que la renuncia al derecho a juicio rápido es posible por omisión, silencio o pasividad ante la celebración de la vista fuera del término estatutario.

En *Rivera Santiago* nos referimos con aprobación a lo resuelto en *Tribunal Superior* (1975) y *Delgado Terrón* (1971), en el sentido de que "no se vulnera el derecho de un acusado a un juicio rápido cuando se señala la vista del juicio, con el consentimiento expreso del acusado, fuera del término de ciento veinte días establecido en la Regla 64(n)(4)".[33] En los méritos del caso determinamos que no hubo violación al derecho a juicio rápido porque, aunque la fecha señalada para celebrarse el juicio excedía lo preceptuado por la Regla 64(n)(4) de Procedimiento

---

[32] Pueblo v. Rivera Santiago, 176 DPR 559, 572-73 (2009) (*en referencia a* Pueblo v. Cartagena Fuentes, 152 DPR 243, 253 (2000); Pueblo v. Rivera Arroyo, 120 DPR 114, 120 (1987))

[33] *Rivera Santiago*, 176 DPR en la pág. 573.

Criminal, la defensa consintió a que se celebrara ese día. Expresamos que "el hecho de que la defensa expresara que asentía a que el juicio se pautara para el 21 de agosto de 2001, con la condición de que ese fuera el último día de los términos para la celebración del juicio rápido, **es prueba de la renuncia expresa**".[34]

Por su parte, en *Pueblo v. Custodio Colón* (2015) resolvimos en contra del reclamo del acusado por la presunta violación al derecho a juicio rápido. Los hechos demostraron que el acusado no reclamó su derecho a juicio rápido cuando se anunció la fecha para la continuación de la vista de conferencia con antelación a juicio y porque al momento de la desestimación habían transcurrido tan solo cinco días en exceso del término establecido por la Regla 64(n)(4). En este contexto fáctico, expresamos lo siguiente:

> En torno a la renuncia del acusado a su derecho a juicio rápido, hemos establecido que la misma debe ser expresa y no conjetural o inferida, voluntaria y realizada con pleno conocimiento de las consecuencias de la renuncia. Esto, por tratarse de una renuncia a un derecho consagrado en nuestra Constitución. **Sin embargo**, "[a] pesar de que los derechos constitucionales no deben entenderse presuntamente renunciados, si se trata de una táctica dilatoria en busca de ventaja para el acusado, **la ausencia de objeción oportuna** puede constituir una renuncia al derecho".[35]

---

[34] *Íd.*, pág. 582 (énfasis suplido).

[35] Pueblo v. Custodio Colón, 192 PDPR 567, 582 (2015).

**B. Doctrina de academicidad**

Sabemos que, en virtud del principio de justiciabilidad, los tribunales deben abstenerse de intervenir cuando la controversia deja de ser real e inmediata para las partes en litigio o cuando la resolución deja de tener una consecuencia concreta para quienes han acudido al tribunal con intereses opuestos. En el desarrollo jurisprudencial de la doctrina de justiciabilidad, hemos establecido claramente que "una controversia no se considera justiciable cuando: '(1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; **(3) hechos posteriores al comienzo del pleito han tornado la controversia en académica**; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro".[36]

La doctrina de academicidad constituye una de las manifestaciones de la justiciabilidad.[37] Entre otras circunstancias, un caso es académico cuando en sus inicios la controversia era justiciable, pero "los cambios fácticos o judiciales acaecidos durante el trámite judicial de una controversia, tornan en académica o ficticia su solución".[38]

---

[36] Super Asphalt Pavement, Corp. v. AFI, res. el 30 de marzo de 2021, 2021 TSPR 45, págs. 8-9 (*citando a* Bhatia Gautier v. Gobernador, 199 DPR 59, 68-69 (2017), y otros).

[37] Pueblo v. Diaz Alicea, 204 DPR 472, 481 (2020).

[38] *Íd.*

La doctrina de academicidad requiere que, durante todas las etapas de un procedimiento adversativo, incluida la etapa de apelación o revisión, exista una controversia genuina entre las partes, que ésta se mantenga viva y presente.[39] Así, que en cada etapa se debe evaluar los eventos anteriores, próximos y futuros, a fines de determinar si la controversia entre las partes sigue viva y subsiste tras el transcurso del tiempo que conlleva cualquier trámite judicial. Cuando un tribunal determine que un caso es académico, ya sea por cambios en los hechos o el derecho durante el trámite judicial, su deber es abstenerse de considerar los méritos de ese caso.[40]

### III.

Esta interesante controversia jurisdiccional comenzó con la solicitud de desestimación que hizo la defensa de la imputada de delito el 28 de septiembre de 2020, al amparo de la Regla 64(n)(6) de Procedimiento Criminal, por haberse cumplido el término de los sesenta días sin la celebración de la vista preliminar. La petición de desestimación fue argumentada por las partes el 2 de octubre de 2020, **fecha ofrecida como hábil por la propia defensa el 16 de septiembre de 2020** previo a excusarse de los procedimientos. El Tribunal de Primera

---

[39] Noriega v. Hernández Colón, 135 DPR 406, 437 (1994).

[40] *Diaz Alicea*, 204 DPR en la pág. 481 (*en referencia a* Torres Santiago v. Depto. Justicia, 181 DPR 969, 981-982 (2011); U.P.R. v. Laborde Torres y otros I, 180 DPR 253, 279-81 (2010); El Vocero v. Junta de Planificación, 121 DPR 115, 123 (1988); Com. de la Mujer v. Srio. de Justicia, 109 DPR 715, 724 (1980)).

Instancia emitió la Resolución denegatoria el 23 de octubre de 2020, por lo que la defensa recurrió ante el Tribunal de Apelaciones.

En los méritos de la solicitud de desestimación, los autos de este caso demuestran que las últimas dos suspensiones de la vista preliminar, antes del cierre gubernamental por la pandemia, fueron a solicitud de la defensa. Hay que recordar que con cada una de estas suspensiones solicitadas por la defensa comenzó a transcurrir nuevamente el plazo de los sesenta días para la celebración de la vista preliminar. Además, la extensión de los términos decretada por este Tribunal hasta el 15 de julio de 2020 no fue intencional ni opresiva para la imputada de delito, más bien hubo justa causa para la demora en los casos pendientes ante los tribunales por el estado de emergencia de salud pública. Por último, **en la vista pautada para el 16 de septiembre de 2020 fue la defensa la que decidió excusarse y sugerir tres fechas alternas para la vista preliminar, sin hacer algún planteamiento de violación al derecho a juicio rápido. Así, tenemos que concluir que la vista pautada para el 2 de octubre de 2020 tenía el consentimiento expreso del abogado de la defensa.**

En este cuadro, sorprende que la imputada de delito traiga por primera vez el planteamiento de violación a los términos de juicio rápido y solicitara la desestimación de la acción penal el 28 de septiembre de 2020, cinco días

antes del señalamiento en la fecha dada por la defensa. Y así, sorprende también que el Tribunal de Apelaciones entendiera que en tal escenario hubo violación al derecho a juicio rápido. El análisis hecho no se ajusta a uno de nuestros últimos pronunciamientos sobre este tema, entiéndase la opinión *Pueblo v. Custodio Colón.*

El análisis de la *Sentencia* recurrida es uno de tiesa aritmética, sin considerar el consentimiento dado por el abogado de la defensa para el señalamiento de 2 de octubre de 2020, y en este sentido obviar la declaración de éste en los autos, así como que la imputada no levantó el planteamiento en una fecha cercana al 15 de julio de 2020 ni previo al 15 de septiembre de 2020 como tampoco una vez supo del señalamiento para el 16 de septiembre de 2020.

Al contrario, si tomáramos el 15 de julio de 2020 como el reinicio del término para celebrar la vista preliminar, no fue hasta el 28 de septiembre de 2020 que la defensa invocó por primera vez la presunta violación al derecho a juicio rápido, con todo y haber consentido a la celebración del la vista el 2 de octubre de 2020. Según la doctrina de la renuncia vigente en nuestra jurisdicción, expuesta en el segundo acápite de este voto, la omisión al no traer antes el planteamiento y la pasividad ante los señalamientos del tribunal primario, incluido el de 2 de octubre de 2020, equivalen a la renuncia y a la imposibilidad de solicitar con éxito la desestimación.

Por otra parte, tal como mencioné, el recurso de *certiorari* presentado el 25 de noviembre de 2020 no fue acompañado con una solicitud de paralización y tampoco el Tribunal de Apelaciones ejerció su facultad para *motu proprio* paralizar los procedimientos. Así, por tener la facultad para actuar ante la falta de paralización, el 19 de enero de 2021 el Tribunal de Primera Instancia convirtió la vista pautada en una de estado de los procedimientos.

La regrabación del 19 de enero de 2021 demuestra que **la defensa afirmó, <u>en más de una ocasión</u>, que estaba preparada para atender la vista preliminar ese día y el siguiente** y, esto luego, de reconocer que el Tribunal de Apelaciones no había paralizado los procedimientos. En ningún momento de la vista, la defensa presentó alguna objeción por violación a los términos de juicio rápido o advirtió que acudiría al foro apelativo para solicitar la paralización de la vista preliminar pautada para el siguiente día porque no renunciaba a la presunta violación al derecho a juicio rápido, según reclamado en el recurso de *certiorari* pendiente ante el tribunal apelativo, los cuales de por sí no se ajustan al derecho vigente por la anuencia expresa al señalamiento para el 2 de octubre de 2020.

Así las cosas, no fue hasta el 26 de febrero de 2021 que el Tribunal de Apelaciones expidió el *certiorari* para revocar la denegatoria del tribunal

primario y ordenar la desestimación de la denuncia por violación a los términos dispuestos en la Regla 64(n)(6) de Procedimiento Criminal. En lo pertinente, el 9 de marzo de 2021 el Procurador General solicitó al Tribunal de Apelaciones que reconsiderara la *Sentencia* emitida y desestimara el recurso por académico. Esta solicitud fue denegada porque entiende el foro apelativo que, una vez expedido el auto, el tribunal primario perdió jurisdicción y tendría que esperar a la remisión del mandato para actuar.

Ante la denegatoria, el Procurador General acude ante este Tribunal por entender, en esencia, que la defensa de la imputada de delito abandonó el reclamo de violación a los términos de juicio rápido al dar su anuencia expresa a la celebración de la vista preliminar los días 19 y 20 de enero de 2021. Además, que, por haberse celebrado la vista antes de que se expidiera el recurso y sin la paralización de los procedimientos, el recurso ante el Tribunal de Apelaciones se tornó académico y, en consecuencia, privó al foro de jurisdicción. Tiene razón.

Ante la falta de paralización reconocida por el juzgador y las partes, el tribunal de instancia celebró la vista preliminar el 20 de enero de 2021 con la clara anuencia de la defensa de la imputada al manifestar que estaba lista para ver la vista. A la luz de los casos antes reseñados sobre la omisión y pasividad como

evidencia de la renuncia al derecho a juicio rápido, si la declaración de la defensa de estar preparada para atender el señalamiento de la vista preliminar no es una renuncia clara, expresa, voluntaria y con pleno conocimiento de las consecuencias de su afirmación, no sé qué lo sea.

La celebración de la vista el 20 de enero de 2021 privó de jurisdicción al Tribunal de Apelaciones e hizo ineficaz por académica la *Sentencia* emitida el 26 de febrero de 2021. Es decir, la determinación de no causa en la vista preliminar hizo académica la controversia un mes antes de la determinación desestimatoria del foro apelativo por presunta violación a los términos estatutarios, determinación que tampoco se ajusta a nuestros pronunciamientos previos sobre la renuncia al derecho a juicio rápido que es un concepto flexible y relativo, que no debe tener necesariamente las salvaguardas exigidas para otras garantías constitucionales —como la renuncia al juicio por jurado o a la presunción de inocencia para hacer una alegación de culpabilidad— porque el retraso de los procedimientos suele ser beneficiosa para el acusado. Ante el hecho de haberse celebrado la vista preliminar, con la anuencia de la imputada tras declararse preparada, el tribunal apelativo debió dejar sin efecto la *Sentencia* emitida y desestimar el recurso presentado por academicidad.

La doctrina jurisprudencial ha sido clara a los efectos de que la renuncia a un planteamiento de violación

a los términos puede darse si la defensa no presenta objeción a un señalamiento de vista para una fecha posterior al vencimiento del término en cuestión. Siendo esto así, cuánto más constituiría una renuncia si los hechos indubitados son que la vista preliminar fue celebrada con la previa afirmación expresa de la defensa de que estaba preparada para atenderla y el reconocimiento de la falta de paralización de los procedimientos por parte del tribunal apelativo. Los actos procesales de la defensa fueron los que hicieron académico su planteamiento de violación a los términos de juicio rápido, que de por sí no se ajustan al derecho vigente.

El Procurador tiene razón al señalar que en este caso existen dos dictámenes desestimatorios encontrados, cuyos efectos son claramente diferenciables. El efecto adverso de la determinación tomada por el Tribunal de Apelaciones respecto al Ministerio Público ameritaba nuestra pronta intervención. No olvidemos que una desestimación por violación a los términos para la vista preliminar tiene el efecto de que Ministerio Público deberá comenzar en la etapa de la llamada *Regla 6*. En tanto, la determinación de no causa que hizo el tribunal primario en los méritos, le permite solicitar una vista preliminar en alzada en caso de que el Ministerio Público desee continuar con el encausamiento de la persona imputada de delito.

Si bien el Tribunal de Apelaciones estaba sorprendido de que la defensa no hubiese solicitado la paralización ni al momento de presentar el recurso ni después, a este servidor le sorprende que tampoco el Tribunal de Apelaciones, ante la presuntamente evidente violación a los términos de juicio rápido, *motu proprio* no paralizó los procedimientos primarios, según lo permite la Regla 79 del Reglamento del Tribunal de Apelaciones. La razón primaria de emitir órdenes en auxilio de jurisdicción es hacer efectiva la jurisdicción en cualquier asunto pendiente ante el Tribunal y "podrán expedirse a solicitud de parte y, también, por iniciativa del propio Tribunal de Apelaciones".[41]

En este caso, y por sus propios dichos, **el Tribunal de Apelaciones debió también asegurarse de tomar las medidas cautelares que hicieran efectiva su jurisdicción el día que emitiera una determinación en los méritos. Tenía entonces la alternativa de emitir una orden en auxilio o expedir el *certiorari*, dado que el propio Reglamento del Tribunal dispone que la mera presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones.**[42]

---

[41] REG. DEL TA, 4 LPRA Ap. XXII-B, R. 79 (2012).

[42] *Íd.*, R. 35.

Por último, de acoger el análisis del Tribunal de Apelaciones expresado en la *Resolución* de 12 de mayo   de 2021, me parece que con la remisión del mandato nada impide que el foro de instancia continúe con la celebración de la vista preliminar en alzada, con el consecuente comienzo del término de sesenta días para completarla. Esto porque cuando el Tribunal de Primera Instancia emitió su dictamen desestimatorio en los méritos, que permite la vista en alzada, lo hizo con jurisdicción.

IV.

Por lo anterior, declararía "Ha Lugar" la solicitud de trámite expedito y expediría la Petición de *certiorari* presentada por el Procurador General para revocar al Tribunal de Apelaciones.

Erick V. Kolthoff Caraballo
Juez Asociado